(No. 1021, September 1, 1905.)

JOSEPH M. CUNNINGHAM, Trustee, et als., Plaintiffs in Error, v. CHARLES SPRINGER, et al., Defendants in Error.

### SYLLABUS.

1  APPEAL—VERDICT—CONCLUSIVENESS—NATURE OF QUESTIONS INVOLVED.

Where the questions at issue were whether a patrol contract provided that plaintiff should receive a reasonable compensation or a definite amount for certain legal services, and, if the latter, whether the contract was afterward modified, and, if not, whether plaintiff had been paid in full, the verdict of the jury for defendants was a determination of these issues, which was conclusive on appeal.

2.  SAME—RECORD— INSTRUCTIONS— MODIFICATION —FAILURE TO SEND TO JURY ROOM.

After giving the charge, the court modified one of the paragraphs by striking out certain words and inserting others in a carbon copy of the instructions. The paragraph as modified was read to the jury. As to subsequent proceedings, the record recited that the amendment to the instruction was also taken down by the stenographer, transcribed from his notes of the proceedings, "and attached to the original charge on file after the verdict had been returned." Held, that it did not appear from the record that the modified instruction was not taken to the jury room.

3.  NEW TRIAL—FAILURE TO OBJECT.

Under Code, Sec. 128 (Comp. Laws, 1897, Sec. 2685), providing that all instructions shall be carried by the jury to their room, failure to send the instructions to the jury room is not cause for a new trial, where there is no objection to such failure.

4  CONTRACTS—ACTION—BURDEN OF PROOF.

Where, in an action in contract, defendants pleaded a general denial and payment, the burden of proof was on plaintiffs to prove the contract alleged.

5.  SAME—PLEADING—GENERAL DENIAL—PAYMENT.

In an action in contract, payment may be proven under the general issue.

6.  TRIAL—DUPLICATE—INSTRUCTIONS.

Refusal of a requested instruction is not error, where its substance has already been given.

7   SAME—CREDIBILITY OF WITNESSES.

Where the testimony of several witnesses is before the jury, it is not error to refuse to limit an instruction on the weight and credibility of witnesses to two particular witnesses who have contradicted each other.

8.  APPEAL—HARMLESS ERROR.

Where, in an action for the value of an attorney's services, the jury found that there was a special contract as to plaintiff's compensation and that he had been paid in full, the exclusion of evidence as to the value of the services and the value of the property involved in the litigation in which they were rendered was harmless.

9.  SAME—FORM   OF   QUESTION—INSUFFICIENCY   OF
        RECORD.

An objection that hypothetical questions in improper form were allowed cannot be sustained, where the questions are not contained in the record.

Error to the district court of San Miguel county, before WILLIAM J. MILLS, Chief Justice. Affirmed.

NEILL B. FIELD, and E. A. FISKE, for plaintiffs in error.

Even in cases where experts are called upon to give an opinion based upon their own personal observation or examination, the facts upon which the opinion is founded must all be stated; otherwise the witness might be giving an opinion which would have great weight with the jury upon a state of facts very different from those found by them in the case on trial.

Hitchcock v. Burgett, 38 Mich., 507;
Kempsey v. McGinniss, 21 Mich. 137-139;
People v. Augsbury, 97 N. Y. 502.

Cunningham v. Springer.

It is important in any case that the jury should distinctly understand what are the exact facts upon which the expert has based his opinion.

> Rog. Exp. Test. pp. 70 & 82; Burns v. Barrenfield, 84 Ind. 48; Raub v. Carpenter, 187 U. S. 161; Thompson v. Knickerbocker Ice Co. 6 N. Y. Supp. 9; Williams v. Brown, 28 Ohio St. 547; Covey v. Campbell, 52 Ind. 158; Randall v. Packard, 142 N. Y. 47; Fuller v. Tolman, 36 N. Y. Supp. 639; Bramwell v. Hunt, 22 N. Y. 841; In-re Mason, 60 Hun. 46; Clussman v. Markel, 3 Bosworth, 402; Louisville, etc., R. R. Co. v. Folvey, 104 Ind. 409, 419.

In suits upon unconscionable agreements, the courts of law will take the matter in their own control, and will without the intervention of courts of equity, protect the parties against their enforcement. How much more in suits where the United States is a party and is compelled to act through government officials.

> Hume v. United States, 132 U. S. 414-415; Story's Eq. Juries, par. 188; James v. Morgan, 1 Levins, 111; Baxter v. Wales, 12 Mass. 365; Leland v. Stone, 10 Mass. 459; and see Harrison v. Perea, 618 U. S. 325.

Where a plaintiff in an action to recover for services rendered, claims that the defendant made a special agreement to pay him a certain sum for such services, the defendant denying such agreement, not only has the right to give evidence directly disproving it, and contradicting the plaintiff's evidence in reference thereto, but he has also the right to give evidence showing that it is extremely improbable that such a contract was made.

> Barney v. Fuller, 30 N. E. 1008; Flagg v. Reilly, et al., 48 N. Y. Supp. 544; Whitney Co. v. Stevenson, 48 N. Y. Supp. 552; Walker v. Johnson, 46 N. Y. Supp. 864; Allison v. Horning, 22 O. St. 146; Swain v. Cheney, 41 N. H. 232; Roberts v. Roberts, 91 Iowa, 231; Puddelford, et al., v. Cook, 74 Iowa, 433; Johnson v. Harder et al., 45 Iowa, 677; Kid-

*Cunningham v. Springer.*

der v. Smith, 34 Vt., 291; Bradbury v. Dwight, 44 Mass., 31.

Attorneys and solicitors are entitled to have allowed to them, for their professional services, what they reasonably deserve to have for the same, having due reference to the nature of the services and their own standing in the profession for learning, skill and proficiency.

Stanton, et al., v. Emerey, 93 U. S. 557; Eggleston v. Boardman, 37 Mich. 17; Phelps v. Hunt, 40 Conn. 100-101; Rogers Exp. Test. Sec. 158 p. 380; Lawson Exp. Ev. p. 96; Weeks Attys. at Law, Sec 338 p. 562; Ward v. Kohn, 58 Fed. 462; Sandys v. Graves, 105 Fed. 849.

The burden of proof may shift during the trial, and where the defendant pleads specially an affirmative fact in avoidance of the plaintiff's case, he has the burden of proof to make out the fact which he pleads.

Benton v. Burbank, 54 N. H. 589-590; Kendall v. Brownson, 47 N. H. 194-195; Powers v. Russell, 13 Pick. 76-77; Bell v. Skillicorn, 6 N. M. 399; Greenleaf v. Berth, 6 Pet. 302; Williams v. Peyton, 4 Wheat. 77; Ransom v. Williams, 2 Wall. 313-5 Am. & Eng. Ency. of Law, (2nd Ed.) p. 26; Steeyes v. Foxwell, 23 N. Bruns, 476; 1 Whart. Ev. Sec. 357; 1 Greenl. Ev. Sec. 74; Wilder v. Cowles, 100 Mass. 487; Raynolds v. Staab, 4 N. M. 603; Chittim v. Martinez, 58 S. W. 948; Whipple v. Price, et al., 56 Pac. 296; Alms. v. Conway, 78 Mo. App. 490; Voris v. Shotts, 50 N. E. 484; Cullen v. Traders M. Co. 83 Ill. App. 40; Phoenix M. Co. v. Gray, 107 Ga. 110; Mortensen v. Arnold, 78 Ill. App. 336; Stevens v. Stevens, et al., 47 Pac. 76.

Concerning the matter of instructions to the jury in writing.

Crawford v. Brown, 40 Pac. 692; State v. Miles, 46 Pac. 1047; Rich v. Lappin, 23 Pac. 1038; Feriter v. State, 33 Ind. 283; State of Mo. v. Cooper, 45 Mo. 64; People v.

Cunningham v. Springer.

Sanford, 43 Cal. 29; Gile v. People, 1 Colo. 60; State v. Potter, 15 Kas. 302.

Any change in the instructions after they have been once read to the jury should be especially directed to their attention.

New Albany Woolen Mills v. Myers & Co. 43 Mo. App. 128-129; Rich v. Lappin, 23 Pac. 1038; Friter v. State, 33 Ind. 283; State of Mo. v. Cooper, 45 Mo. 64; Shafer v. Stinson, 76 Ind. 374; Bottorff v. Shelton, 79 Ind. 98; Smurg v. State, 88 Ind. 504; Provines v. Heaston, 67 Ind. 482; Bradway v. Wapdell. 95 Ind. 170; Bowden v. Achor, 95 Ga. 243; Currie v. Clark, 90 N. Car. 355; Ellis v. People, 159 Ill. 337; Terr. v. Perea, 1 N. M. 631-2-3; Ry. Co. v. Fox, 77; N. W. 656; R. R. Co. v. Johnson, 81 Fed. 679.

The refusal of the instruction based upon Jones' version of the contract and modification was erroneous.

Thorwegan v. King, 111 U. S. 554-556; Tryon v. Pingree, 112 Mich. 346-7-8; Deserant v. Cerrillos, etc., Co. 178 U. S. 409; McGee v. Wineholdt, 63 Pac. 571, 23 Wash. 748; Ry. Co. v. Bond, 36 S. E. 299, 11 Ga. 13; Tuttle v. Finnegan, 86 Ill. App. 423; Burkley v. Deyall, 58 Pac. 1028; Redfern v. McNaul, 53 N. E. 569; Bryce v. Palmer, 75 N. W. 849; Sackett Inst. Juries 36; Miller v. Balthasser, 78 Ill. 302; Durant v. Rogers, 87 Ill. 508; Lawrence v. Maxwell, 58 Barb. 501; Delvee v. Boardman, 21 Iowa, 446; Johnson v. Whidden, 32 Me. 230; Cursner v. Collins, 53 S. W. 1081.

The denial of the motion for a new trial in this case was error of law.

U. S. v. Biena, 8 N. M. 105; Deserant v. R. R. Co., 9 N. M. 495; Territory v. Edie, 6 N. M. 555, 7 N. M. 183; Hume v. United States, 132 U. S. 414.

If on the evidence a verdict of a jury discloses injus-

Cunningham v. Springer.

tice, whether from ignorance or malice or corruption, the court cannot permit it to be enforced.

Graham v. Cons. Traction Co. 64 N. J. L. 15; Ruhe v. Abreu, 1 N. M. 253-254; Eastman v. Miller, 113 Iowa, 409-410; Voge v. Penny, 74 Minn. 525, 77 N. W. 423; Messenger v. Ry. Co. 77 Minn. 42; Jourdan v. Reed, 1 Cole, 138 (Iowa); Oliver v. State, 34 Ark. 632; Calvert v. Stone, 10 Ark. 492; Wanderlick v. Ins. Co., 104 Wis. 386; Ranner-Alton Merc. Co. v. Hanes, 69 Pac. 289-290 (Okl.); Field v. Shorb, 99 Cal, 666; Artz v. R. R. 34 Iowa, 159; Payne v. R. R. 39 Iowa, 526; Thompson v. Pioneer Press Co., 37 Minn. 285; Singer Mfg. Co. v. Rogers, 26 Pac. 295; Dickey v. Davis, 39 Cal. 568; R. R. Co. v. Wagner, 7 Pac 209 (Kan.) Burnham v. R. R. Co. 30 Atl. 468 (R. I.); Jeffrey v. Golden Cross, 97 Me. 184; Miller v. White, 33 S. E. 332; Jones v. Farmer, 10 S. E. 626; Bologna v. Ry. Co. 64 N. Y. Supp. 559; Ry. Co. v. Clay, 19 So. 312 (Ala.) Teague v. Bass. 31 So. 5-6 (Ala.)

The motion to strike Bill of Exceptions from the files should be overruled.

Jung v. Meyer, 68 Pac. 933; Pomeroy's Lessee v. Bank, 1 Wall. 599-601; Hickman v. Jones, 9 Wall. 199-200; Lees v. U. S. 150 U. S. 482-3; Hanna v. Maas, 122 U. S. 24; The Francis Wright, 105 U. S. 381; Goodkin v. Monahan, 83 Fed. 123; Scaife v. Land Co. 87 Fed. 308; Pritchard v. Budd, 76 Fed. 716-717; Rwy. Co. v. Ives, 144 U. S. 408; Cornell v. O'Neill, 154 Pa. St. 582; Comm. ex-rel. Power Co. v. Arnold, 161 Pa. St. 320; Taylor v. Preston, 79 Pa. St. 442-443.

C. A. Spiess and Catron & Gortner, for defendants in error.

The court in preserving the orderly conduct of the

Cunningham v Springer.

trial has a perfect right to confine the witness in his answers to the questions propounded to him.

> Thompson v. Schuster, 4 Dag. 163; Knapp v. Sioux Falls, Nat. Bank, 5 Dak. 378; Parrott v. Swain, 29 Ill. App. 266; Carruthers v. McMurray, 75 Iowa, 173; Poland v. Brownwell, 131 Mass. 138.

It would be reversible error to admit the answers of expert witnesses to hypothetical questions, which assume the existence of facts, upon which no evidence is offered, but it is well settled that a hypothetical question is not improper simply because it includes only a part of the facts in the record.

> Denver & Rio Grande Ry. Co. v. Roller, 100 Fed. p. 738, 54; Davidson v. State, 34 N. E. 972-74; Goodwin v. State, 96 Ind. 57-550; Rogers Exp. Test. p. 39; Stearns v. Field, 90 N. Y. 640; Brooks v. City, 87 N. W. 682-83; Cole v. Fall Brook Coal Co., 159 N. Y. 59, 53 N. E. 670; Horn v. N. J. Steamboat Co., 48 N. Y. Supp. 348-351; Morrill v. Hershfield, 47 Pac. 997-8; R. R. Co. v. Compton, 75 Tex. 667; Mercer v. Voss, 67 N. Y. 56; Thompson on Trials, Sec. 625.

If an erroneous rule was given, or if erroneous evidence was admitted for fixing the value of Mr. Jones' services, and the jury found that he had no cause of action at all it is obvious that it did not apply the erroneous rule or the erroneous evidence in measuring the value of the services.

> Drysdall v. Smith, 44 Mich. 119; Consolidated Coal Company v. Maehl, 22 N. E. 716; Manning v. Bresnahan, 63 Mich. 584-87; Alexander v. Town of Oshkosh, 33 Wis., 277-80; Coleman v. Reel 39 N. W. 510; Blair v. The C. & N. R. Co., 43 Iowa 662; Baumgardner v. Willett, 66 Pac. 1001; A. T. & S. F. R. R. v. Sly, 21 Pac. 780; Yaegar v. S. P. Ry. 51 Pac. 190; K. C. etc., R. R. v. Chamberlain, 60 Pac. 15; Kendall v. Davenport, 65 Pac. 688; Fowler v. Phoenix, 57 Pac. 421; Thompson v.

Cunningham v. Springer.

Schuster, 28 N. W. 858; Burnett v. Luttrell, 52 Ill. App. 19; Carruthers v. Murray, 75 Iowa 173; Norton v. Foster, 12 Kas. 44; Moody v. Camden, 61 Me. 264; Pollan v. Brownell, 131 Mass, 138; Read v. Bichols, 118 N. Y. 224; Nonis v. Northouse, 46 V. T. 587; Fulham v. Howe, 60 Vt. 351; Schnebbe v. Connell, 69 Wis. 476.

The judge in charging the jury may exercise his discretion as to the form in which he expounds the law and comments on the case. It is a rule of universal application that the court is not bound to instruct the jury in the exact language of the request, but may instruct in such terms and in such manner as shall comport with the real merit of the case.

Continental Improvement Co. v. Stead, 95 U. S. 165; Boyce v. California Stage Co. 25 Cal. 960; Birmingham Fire Ins. Co. v. Pulveri, 126 Ill. 329; White v. Gregory, 126 Ind. 95; Larsh v. Des Moines, 74 Iowa, 512; Missouri Pac. R. R. Co. v. Cassidy, 44 Kas., 207; Naples v. Raymond, 72 Me. 213; Kershner v. Kersham, 36 Md. 334; Champion v. Detroit Lampling Co. 68 Mich. 238; Norwood v. Sommerville, 159 Mass. 105; Law v. Grimes Dry Goods Co. 38 Neb. 215; Ayers v. Watson, 137, U. S. 584; Kelley v. Schupp, 60 Wis. 76-86.

It is fundamental that errors complained of must be objected to and exceptions saved or they will be disregarded in an appellate court.

Neher v. Armijo, 66 Pac. pp. 518-9; Chavez v. Myers, 68 Pac. 917; Jung v. Myers, 68 Pac. 933.

Under a general issue or a general denial the plaintiff has the burden of proving his claim. And in case the defendant denies merely, or answers so as not to admit, the plaintiff has the burden throughout the trial as to every part of the case.

Selma etc., Ry . Co. v. U. S. 139 U. S.

560; Huneman v. Hurd, 62 N. Y. 456; Murphy v. Harris, 77 Cal. 104.

The general rule is, that the one who makes a claim which is denied has the burden of establishing the claim.

McEvoy v. Swayne, 34 Neb. 315.

And in fixing the burden of proof a pleading or evidence that amounts to a denial, has the effect of a denial although cast in the form of an assertion.

Union Nat'l. Bank v. Baldenwick, 45 Ill. 375; Burnham v. Noyes, 125 Mass. 85; Berringer v. Lake, S. I. Co. 41, Mich. 205; Eastman v. Gould, 63 N. H. 89.

One common test to determine upon which side the burden of proof rests, is to ask which would be entitled to a verdict if no evidence were offered on either side.

Scott v. Wood, 81 Cal. 398; Wetherall v. Hollister, 73 Conn. 622; Veiths v. Hogge, 8 Iowa, 163; McKenzie v. Oregon, Imp. Co. 31 Pac. 748.

Another test is to consider which party would fail if the allegation in question were stricken from the pleading.

Porter v. Still, 63 Miss. 357.

Hence a defendant who simply denies should never have the burden of proof.

Turner v. Wells 64 N. J. Law, 269; Scars v. Daly, 73 Pac. 5; Benton v. Burbank, 54 N. H. 583.

And if the evidence, or pleading, amounts to a denial although either may take the form of an allegation, the rule is the same.

Cook v. Malone, 128 Ala. 662; East v. Crow, 70 Ill. 91; Denver Fire Brick Co. v. Platt, 11 Colo. 509; Coffin v. President, etc. 136 N. Y. 655; Perley v. Perley, 144 Mass. 104.

Under a general denial the defending party is always at liberty to disprove and overthrow the contract asserted against him, by proving that it was materially different from the one so asserted.

National Cash Register v. Riggs, 50 N.

Y. 35; Young v. Jones, 8 Iowa, 219; Marsh v.
Dodge, 66 N. Y. 533; McGill v. Hall, 26 S.
W. 132; Stewart v. Thayer, 170 Mass. 560;
Paris v. Strong, 51 Ind. 339; Chicago, etc.,
Ry. v. West, 37 Ind. 215; Wheeler v. Billings,
38 N. Y. 263; Goddard v. Fulton, 21 Cal. 430;
Wilkerson v. Farnham, 82 Mo. 672.

The burden is upon the plaintiff to establish his cause
of action when it is in proper form denied by the other
party.

Trust Company v. Sefke, 144 N. Y. 354,
39 N. E. 358; Davis v. Jenney, 1 Met. 221;
Simpson v. Davis, 119 Mass. 269; Scott v.
Wood, 81 Cal. 398-400; Homire v. Rogers,
37 N. W. 972-74; Mott v. Baxter, 68 Pac. 220
(Colo.); 1 Greenleaf Ev. 74, 5 Am. & Eng.
Enc. Law, (2nd. Ed.) 23; Bliss Code Plead-
ing (2nd. Ed,) 333; Sylvis v. Sylvis, 11 Colo.
319, 17 Pac. 912; Pom. Rem. & Rem. Rights
691; Stewart v. Goodrich, 9 Mo. App. 125; 1
Ency. Pl. & Pr. 817; Phipps v. Mahon, 141
Mass. 471.

A ruling in the court below in refusing a new trial
will not be disturbed, where the testimony is conflicting
and the verdict not clearly against the weight of the evi-
dence.

Reynolds v. Lincoln, 73 Cal. 191; Bri-
dier v. Gulee, 9 Fla. 481; Richmond D. R. Co.
v. Merritt, 92 Ga. 486; Chapman v. Stewart,
63 Ill. 332; Kent v. Green, 43 Neb. 673.

The refusal of the court to set aside the verdict on
the ground that it was against the weight of the evidence
cannot be reviewed on appeal.

Home Ins. Co. v. Barton, 13 Wall. 603.

A verdict rendered on facts which it is the province
of the jury to decide is conclusive on appeal.

Anderson v. New York & I. S. Co. 47
Fed. 38.

Cunningham v. Springer.

REPLY BRIEF OF PLAINTIFF IN ERROR, BY NEILL B. FIELD.

An affirmative defense throws the burden upon the defendant to establish it.

> Thomas v. Carey, 58 Pac. 1097; Parot v. Cooper, 28 Pac. 393; Haywood v. Leonard, 7 Pick 181; Morse v. Potter, 4 Gray, 292; Walker v. Orange, 16 Gray, 193; Cardell v. Bridge, 9 Allen, 355; Powell v. Howard, 109 Mass. 192; Cullen v. Sears, 112 Mass. 308.

The rule laid down in the following cases is believed to be recognized throughout the United States, in state and federal courts.

> Ford v. Burchard, 130 Mass. 427; Kirchner v. Laughlin, 4 N. M. 394; Register Printing Co. v. Willis, 57 Minn. 95; Lentenschlager v. Hunter, 22 Minn. 268, 269; McFarland v. Dawson, 29 So. 328; Hood v. League, 102 Ala. 228; 14 So. 572; Wood v. Brewer, 66 Ala. 570; Robinson v. Parish, 62 Ill. 131; Sanns v. Neal, 38 N. E. 882; Skillings v. Norris, 50 Me. 72-73.

The following cases are also cited:

> Pendleton v. Cline, 85 Cal. 146; 1 Jones Ev. Sec. 175; Thomas v. Carey, 58 Pac. 1097; Burton v. Rosemary Mfg. Co. 43 S. E. 480; Ferguson v. Hemingway, 38 Mich. 159; Evans v. Miller, 37 Minn. 371.

AUTHORITIES CITED IN REJOINDER OF DEFENDANTS IN ERROR TO REPLY BRIEF OF PLAINTIFFS IN ERROR.

The one who makes a claim which is denied has the burden of establishing the claim.

> Lehman v. McQueen, 55 Ala. 570; Clark v. Cassidy, 62 Ga. 407; Watt v. Kirley, 15 Ill. 200; Morgan v. Wattles, 69 Ind. 260; Higdon v. Higdon, 6 J. J. Marsh, (Ky.) 48; Pennell v. Cummings, 75 Me. 163; Loring v. Steinman, 1 Met. (Mass.) 204; Walker v. Detroit Trains Co. 47 Mich. 338; McEvoy v. Swayze,

34 Neb. '315; Gillson v. Price, 18 Nev. 109; Doyle v. Unglish, 143 N. Y. 711; Purscy v. Wright, 31 Pa. St. 387; Clark v. Hills, 67 Tex. 141.

And in fixing the burden of proof a pleading that amounts to a denial has the effect of one, although cast in the form of an affirmative assertion.

Gay v. Bates, 99 Mass. 263; Fox v. Hilliard, 35 Miss. 160; Pomeroy Code Remedies, Sec. 724.

Under an allegation of non-payment in the complaint, or a breach, or non-performance, it is unnecessary to plead payment.

Wetmore v. San Francisco, 44 Cali. 300; Micgle v. Hinton, 92 Cali. 597-8; Fresch v. Caler, 21 Cali. 74-5.

When the breach is alleged as it may be on a contract, then a mere denial is all that is required, and that even if a plea of payment is put in, it is not new matter, but only a denial of the necessary allegation of the pleading.

Knapp v. Roche, 94 N. Y. 332; Brown v. Forbes, 6 Dak. 273; Hunn v. Van Dyck, 26 Hun. 567; Van Giesen v. Van Giesen, et al., 10 N. Y. 316; Crews v. Bleakley, 16 Ill. 21: Sinnamon v. Melbourn, 4 Greene, (Iowa) 309; Wheatley v. Phelps, 3 Dana (Ky.) 302; Miller v. Brooks, 4 Smed & M. (Miss.) 175; Somerville v. Stewart, 48 N. J. L. 117.

An averment of payment before breach denies that any right of action on the contract sued on has ever accrued.

Sec. 16, Ency of Pl. & Pr. 167; McClark v. Register, 68 Md. 429; Powshick Co. v. Mickel, 10 Iowa, 477; Stacy v. Stichton Co. 9 Iowa, 401-2.

And see also:

Garretson v. Betzer, 57 Iowa, 470; Dibble v. Dimmick, 143 N. Y. 552; Hull v. Cooper, 36 Mo. App. 389.

Cunningham v. Springer.

## STATEMENT OF FACTS.

This is a suit brought to recover the value of legal services which it is alleged plaintiff in error, Andrieu A. Jones, rendered the defendants in error in an action of ejectment brought by the Maxwell Land Grant Company against John B. Dawson in the district court of Colfax county, in which it is alleged, Ida May Jones has an interest and Joseph M. Cunningham is her trustee.

The complaint contained three counts, but each of them was founded upon plaintiffs in error's right to recover the reasonable value of the services rendered by plaintiff Jones, the amount claimed being seventy-five thousand dollars. The third count which is evidently the count upon which the trial proceeded, the evidence being applicable to this count, omitting the clause relating to the interest of Ida May Jones and Cunningham, trustee, is as follows:

"Plaintiffs for a third and further cause of action state that on to-wit: the — day of ——— 1891, the said defendant John B. Dawson, was the owner and claimant of a large tract of valuable land situated in the county of Colfax, and Territory of New Mexico, of very great value, to-wit: The value of five hundred thousand ($500,000) dollars.

That thereafter, certain litigation and law suits of and concerning said land and the title thereof were commenced against said defendant, John B. Dawson, by the Maxwell Land Grant Company. That thereafter, on or about the ——— day of ———, 1891, the said defendant, John B. Dawson made and entered into an agreement to convey, and thereafter did convey, to the said defendant Charles Springer, a one-half interest of all the said valuable lands as aforesaid; in consideration that the said Charles Springer should pay all costs and expenses of carying on and conducting to a final determination the defence of said claims to said valuable lands set up and made by said Maxwell Land Grant Company.

That in pursuance of the said agreement so made and entered into between the said Dawson and the said Springer for the carrying on and defense of said litigations, the said defendant, Charles Springer, on behalf of himself,

and the said John B. Dawson, made and entered into a certain agreement with the plaintiff herein, Andrieus A. Jones, as an attorney and counsellor at law, whereby the said plaintiff, Andrieus A. Jones, agreed to conduct and manage for the defendants the said defense of said litigations, and for such services the plaintiff, Andrieus A. Jones, did take charge of, manage, conduct and control the said defense of said litigation to a successful issue, of which the said defendants had notice, and that the reasonable compensation therefor was and is the one-half of the value of the undivided one-half interest in said valuable lands, so set apart for the costs and expenses of conducting said defense. The net value of said one-half, plaintiffs allege, to be the sum of seventy-five thousand ($75,000) dollars. Plaintiffs state that the said plaintiff herein, Andrieus A. Jones, has duly performed all the conditions of said contract on his part to be performed, but that the defendants and each of them, have and has wholly failed to perform their part of said agreement to the damage of the plaintiffs in the sum of seventy-five thousand ($75,-000 dollars, for which plaintiffs pray judgment and the costs of this suit."

To this complaint the defendants filed an answer, the first paragraph of which is a denial of each and every allegation of the complaint; the second paragraph alleges payment before the commencement of the action, and the third paragraph sets up the four year statute of limitation.

The plaintiffs replied to the second and third paragaphs, and upon the issues thus joined a jury trial was had and a verdict for defendants in error, was rendered.

Motion for a new trial being overruled, the review is sought in this court upon a writ of error.

### OPINION OF THE COURT.

M'FIE, J.—Before proceeding to the consideration of the assignments of error, it seems advisable to give attention to one contention of the defendants in error which seems to go to the merits of this case. If sustained, it would seem to dispose of the case, but, in any event, it will aid the court in the consideration of the specific

Cunningham  v.  Springer.

errors assigned.  It is insisted by the defendants in error,
that the verdict of the jury was rendered upon conflicting
evidence; that it was fairly submitted to the jury by the
court in its instructions, and that where such is the case,
this court will not disturb the verdict nor reverse the judg-
ment based upon it.  This court has repeatedly held, that
where there is a conflict of evidence, it being the exclusive
province of the jury to determine the weight and credi-
bility of the testimony, the verdict will not be disturbed
in the appellate court.  Badeau v. Baca, 2 N. M., 194;
Ty. v. Webb, 2 N. M., 147; Waldo v. Beckwith, 1 N. M.,
97; Ty. v. Maxwell, 2 N. M., 250; Torlina v. Trorlich, 5
N. M., 148; Armijo v. Abeyta, 5 N. M. 533; U. S. v. De
Amador, 6 N. M., 173; Ty. v. Hicks, 6 N. M. 596; Tru-
jillo v. Territory, 7 N. M., 43; A., T. & S. F. Ry. Co. v.
Martin, 7 N. M., 158; Green v. Browne & Manzanares,
11 N. M., 658; Robinson v. Palatine Insurance Co., 11
N. M., 162; Schofield v. Territory, 9 N. M., 526.

That there was a decided conflict in the evidence is
appparent.  A synopsis of the evidence of plaintiff Jones
and defendant Springer, the persons who entered into the
agreement and the only witnesses who testified concern-
ing its terms, as set forth in the brief of counsel for plain-
tiffs in error, is as follows:

"Jones' account of his employment by Springer may
be summarized as follows:

"* * that on the tenth day of October, 1891, he was
engaged in the practice of law at Las Vegas, in the Terri-
tory of New Mexico' and in that day 'the defendant,
Charles A. Springer, came to his office and told him
that the Maxwell Land Grant Company was going
to bring, or had brought, a suit against John B. Dawson,
for his ranch in Colfax county, and wanted him to repre-
sent Mr. Dawson in that litigation; that Jones acquiesced,
and thereupon Springer wanted to know what fee would
be charged and Jones said, I do not know what would be
a right fee.  I do not know anything about the case or
how much work would be required or the value of the pro-
perty involved, and said to Springer, you know more about
that than I do.  Whatever you think is right will be sat-
isfactory to me.  Thereupon Springer asked Jones if five

hundred dollars would be about right, and Jones replied, if you think that's fair, it will be satisfactory to me; that Jones did not know at that time that Charles Springer had any interest in the controversy and supposed that Springer was employing him to represent Mr. Dawson, and that Springer was a disinterested friend of both Dawson and himself; that Springer then said, well, we will fix the fee at five hundred dollars for the case in the district court and in the supreme court of the Territory, and Springer thereupon gave Jones a check for one hundred dollars on account of his fee; that nothing was said about the case in the supreme court of the United States or about a second trial or about a second appeal to the supreme court of the Territory; * * *" "

Springer's account of the same transaction is:

"* * * after the suit was brought, witness (Springer) visited Las Vegas, to employ counsel and determined to employ A. A. Jones if he could do so; that he was not personally acquainted with Mr. Jones and was introduced to him on the day when he first spoke to him about the Dawson case and told Mr. Jones something of the case; told him that the Maxwell Land Grant Company had brought a suit in ejectment against Mr. Dawson involving the title to his ranch in Colfax county; that he had an interest in the property and that he had to pay all the expenses of the litigation; that he had come to see if he could employ him; that Jones asked witness if he had employed or if he expected to employ anybody else; the witness told him he had not and had no intention of doing so; that he told Jones that the case would undoubtedly be bitterly fought by the Maxwell Land Grant Company and that they had, up to that time, never been defeated in a law suit; that the case would undoubtedly go to the supreme court of the United States and asked him what he would charge the witness to conduct the litigation; and Jones answered, I am willing to leave the matter entirely to you; that witness then said, I would like to have settled what your charges will be, and asked Jones to state what his charges would be, to which Jones replied that he did not care to do that; that the witness said, how would a fee of five hundred dollars do, to which Jones replied, that

will be perfectly satisfactory, and the witness said, that is for the entire litigation; Mr. Jones after some hesitation said yes, I am satisfied with that; that witness told Jones he had considerable other business, some of his own and some that he controlled, which would require the services of an attorney and that if he undertook the Dawson case, witness would give him such business as he had in that line and get whatever business for him that witness could get on the outside; witness also said that he would himself assist in the case in every way possible and would get up all the maps and plats and surveys and generally hunt up all the evidence in the case; that Jones made no inquiry with reference to the authority of witness to employ him in the case and all that was said on that subject was that witness had an interest in the property and had to pay the expenses of the litigation;' * * *"

From this testimony it is clear that there was a parol contract or agreement entered into by Jones and Springer and that this action was brought upon it. On page 2 of the brief of counsel for plaintiffs in error, is found an admission of this fact. *"The contract under which the services sued for were performed rests entirely in parol, and there is an astonishing, not to say appalling, conflict between the parties who made it, as to its terms."* The complaint alleges that an agreement was entered into for the employment of Jones to conduct the defense in the litigation between the Maxwell Land Grant Company and Dawson in which Springer had a one-half interest, and further alleges that the agreement was that Jones should receive for his services "reasonable compensation," or in effect, that the amount of compensation was not agreed upon. To this the defendants filed a general denial and plea of payment. The testimony above referred to discloses the fact, that the case as tried before the jury, was different from that made by the pleadings. Under the pleadings the issue was as to the terms of the contract in regard to compensation, the plaintiffs alleging that the amount of compensation was not agreed upon, but that Jones was to receive reasonable compensation for his services: while the defendants deny that the contract was as alleged by the plaintiffs and that defendants paid the

plaintiffs in full before the suit was brought. Upon the trial, however, Jones admits, that five hundred dollars was agreed upon as his compensation for services in the litigation which he was employed to conduct, and Springer testifies that five hundred dollars was agreed upon as Jones' compensation. Both Jones and Springer therefore testify that there was a contract for the employment of Jones, and that the contract provided that Jones was to receive five hundred dollars for his services, but Jones and Springer differed as to the terms of the contract, in this; Jones testified that the contract was that he should only conduct the defense of the Dawson case in the district court and the supreme court of the Territory, but that nothing was said about the case in the supreme court of the United States, or about a second appeal or trial in the territorial supreme court, and further that Springer did not tell him he would give him other business. Springer on the contrary, testified, that Jones was employed to defend the title to Dawson's land in the litigation with the Maxwell Land Grant Co. and told Jones at the time he agreed to take the case, that the suit would be bitterly contested; that the company had never lost a case and that the case would undoubtedly go to the supreme court of the United States; that witness said to Jones: "I would like to have settled what your charges will be, and asked Jones to state what his charges would be, to which Jones replied that he did not care to do that; that witness then said how would a fee of five hundred dollars do; to which Jones replied that will be perfectly satisfactory; that witness said, that is for the entire litigation, and Mr. Jones after some hesitation said yes, I am satisfied with that." Witness further testified that Jones never intimated any dissatisfaction on account of compensation, nor was any change made in the agreement as to compensation. In another part of his testimony Jones testified that after the first trial of the suit, Springer said to him: "Of course, you cannot be expected to attend to this business for any five hundred dollars, you go ahead with it, we will see how we will come out, and when it is all over, you will be paid what is right." Jones further testified that on at least two other occasions Springer promised to pay him

"a big cash fee" when the property was sold. Springer positively denied that he ever made any of those statements or promises to Jones at any time. There were no other witnesses who testified concerning this contract or its terms, nor as to any modification thereof.

It appears further from the testimony of these witnesses, that Jones was admitted in May, 1888, and the contract between him and Springer was entered into in October, 1891, or about three and a half years after he was admitted to the bar; that Jones was employed in other litigation by or through Mr. Springer from which he received nine thousand dollars, Mr. Springer placing the amount at $15,000; that the suit of the Maxwell Land Grant Company v. Dawson was tried twice in the district court, twice by the supreme court of the territory, once by the supreme court of the United States, the final decision being in favor of Dawson. Springer testifies that he paid Jones five hundred dollars for his fee, two hundred dollars for expenses to Washington, and one hundred dollars for a lawyer of Washington City, and Jones does not deny that he received five hundred dollars. Jones testifies that his services were reasonably worth $75,-000. Several expert witnesses were examined as to the value of the property involved in the Dawon suit, variously estimating the value of the land to be from $40,000 to $150,000, and services, in the absence of contract, at from $2,000 to $125,000. The above is substantially all of the evidence as shown by the summary thereof in the transcript, the original evidence is not before the court. It is manifest from this evidence, that the question for the jury to determine was not whether or not there was a parol contract entered into between the parties, not whether or not valuable services were renderel under it, as these facts were admitted, but the question for the jury was as to the terms of the contract with reference to compensation, that is to say, did the contract provide that Jones should receive reasonable compensation for his services as contended by the plaintiffs? or did the contract provide that Jones should receive $500 in full for services rendered under the contract, as contended by the defendants? 2nd. Was such contract subsequently modi-

fied? and, 3rd. Was plaintiff paid in full before suit? These were purely issues of fact for the sole determination of the jury, tnd, there being a conflict of evidence, which counsel for plaintiffs in error designate as 'astonishing, not to say appalling' and which the counsel for defendants in error refer to as a 'hopeless conflict,' if the issues were fairly submitted to the jury by the court in the instructions, the verdict of the jury should not be disturbed. It was the exclusive privilege and also the duty of the jury to determine the weight to be given the evidence, and to pass upon the credibility of the witnesses. This, it must be presumed, was done, and resulted in a verdict in favor of the defendants. Obviously, this verdict means that the jury concluded that the defendants contention was correct, that under the contract Jones was only entitled to five hundred dollars for his services; that the full amount had been paid before suit and that there had not been any subsequent modification of the terms of the contract, enabling Jones to recover more, upon a *quantum meruit*. If the jury believed the testimony of Springer in preference to that of Jones, they had a perfect right to do so, and the necessary result of such belief would be the verdict rendered.

This view of the case brings it clearly within the law as laid down in the decisions of this court, above cited, unless the court failed to present the case fairly to the jury in its instructions.

The record shows, that of the 16 paragraphs, of the court's charge, but a single paragraph—No. 13—is objected to as erroneous, by counsel for plaintiffs in error, either in their briefs or oral argument. The fifteen paragraphs of the court's charge, to which no objection was made, are not before the court for consideration, except for the purpose of ascertaining whether or not the case was fairly submitted to the jury, by them. An examination of them shows, the issues were presented in a fair and impartial manner, so acceptably indeed, that no assignments of error are predicated upon them.

Paragraph No. 13 relates solely to the burden of proof, and being the only paragraph upon which error is

assigned, it follows, that all of the other issues were submitted to the jury by the court in a manner entirely acceptable to the parties to the suit, and the cause was argued by counsel before the jury upon those instructions. As to Paragraph No. 13, the record discloses the following facts:

"And thereafter the argument of counsel to the jury proceeded, and after the argument of one counsel on behalf of the plaintiffs and of both counsel on behalf of the defendants had been concluded, and before the beginning of the closing argument by Mr. Field on behalf of the plaintiffs, the court said to the jury:

" 'Gentlemen of the jury:

" 'In the thirteenth instruction given you by the court, in which I spoke about the burden of proof, I have concluded to modify that instruction by striking out the words *material fact* in the second line and inserting in lieu thereof, the word *issue,* and also in the same line the word *fact* and insert in lieu the word *issue,* and in the fifth line strike out the words *material fact* and put in the word *issue,* so the instruction will read, gentlemen, as follows:

" 'In this case the burden of proof is on the plaintiffs as to every issue, except that of payment, as to which issue the burden of proof is upon the defendants. In order to entitle the plaintiffs to recover in this case they must establish every such issue with the exception aforesaid by a preponderance of the evidence; and if you find that the evidence bearing upon the plaintiffs' cause is evenly balanced, or that it preponderates in favor of the defendants, then the plaintiffs cannot recover, and you should find for the defendants.

" 'Now, gentlemen, I will withdraw instruction No. 13, given to you before and insert and give you this amended instruction instead.'

The court read the foregoing amended instruction from a carbon copy of the original charge in which the words above mentioned as stricken out were crossed out with a pencil, and the words mentioned as having been inserted were written in with pencil. After the foregoing amended instruction was read to the jury, Mr. Field, of counsel for plaintiff, said to the court:

(Mr. Field to the Court) : As thus modified, I think

the charge is absolutely without objection, if the court please.

The amendment to the thirteenth instruction by the court to the jury, as thus made was also taken down by the court stenographer and transcribed by the said stenographer from his notes of the proceedings of the trial and attached to the original charge on file, after the verdict of the jury had been returned."

The modification made by the court in paragraph No. 13 as originally given, was to substitute in writing the word "issue" for the word "fact" or "material fact." This modification was made in conformity to the views of counsel for plaintiffs in error. There was no objection made to the method of modification, nor to its being read to the jury from a carbon copy. On the contrary, after all this was done counsel for plaintiffs in error said, "As thus modified, I think the charge is absolutely without objection."

These proceedings took place in open court, and prior to the closing argument in behalf of plaintiffs in error, so as to enable counsel to present the cause to the jury upon the modified instruction. It is difficult to understand, therefore, how the jury could have been deceived or misled in that regard to the prejudice of plaintiffs in error. Counsel allege as error, that the modified instruction was not taken to the jury room, by the jury. The record does not seem to warrant this assignment. The record does not affirmatively show that any of the instructions were taken by the jury to their room, and yet, the instruction was modified, read to the jury, and the court had notified the jury that the original No. 13 had been withdrawn, before the jury retired. If counsel base this assignment upon the record satement as to what the stenographer did, it is clearly insufficient. The statement is, "The amendment to the thirteenth instruction by the court to the jury, as thus made was also taken down by the court stenographer and transcribed by said court stenographer from his notes of the proceedings of the trial, and attached to the original charge on file, after the verdict of the jury had been returned." The substance of the statement is, that the stenographer took down the court's

modification, and having transcribed his notes of paragraph 13, as modified, attached the same to the charge of the court on file, after the verdict had been rendered. But the record shows that the Chief Justice made the modification desired upon a carbon copy of the original paragraph 13 and read the same to the jury. It is true the record is silent as to actual handing of the charge, or any part of it to the jury, but it will be presumed that, that which should have been done, was done, in the absence of proof to the contrary or objection upon that ground. The stenographer may have done as stated, and yet, the charge and the modified carbon copy which had been substituted for the original paragraph 13, may have been before the jury while they were deliberating upon their verdict. The court seems to have done all in his power to correct paragraph 13 in accordance with the views of counsel for plaintiff in error, and to the method adopted, that the original paragraph was withdrawn and the amended one given then there was no objection at the time. If the court did not actually take the original paragraph from the jury, upon giving them the modified substitute, so that both were before them, it is inconceivable that the jury would be deceived or misled as to which they should consider. The phrase "original charge on file" to which the stenographer attached his transcript, does not necessarily mean paragraph 13, as it may, and apparently does refer to the entire charge of the court. Taking the position that paragraph 13 was not modified and was not before the jury, counsel for plaintiff in error make three assignments of error upon it: No. 9, that it was an oral modification; No. 10, that the original paragraph was not modified in writing as attempted, and No. 11, that part of the charge was not in writing. In our opinion these assignments are not well taken for the reasons above stated. Counsel for plaintiffs in error still insisting that paragraph 13, as modified, was not before the jury, refer the court to subsection 128 of the Code, wherein it is provided:

"*The court* may of its own motion, *give like instructions in writing, and all instructions shall be given by the court before argument and shall be carried by the jury*

*to their room for their guidance to a correct verdict according to the law and the evidence."*

This precise language is found in section 2188 R. S. Missouri, 1889, from which it was undoubtedly taken and also in former statutes. In adopting the Missouri statute, this court has held, that we also adopt the construction which the courts of that state put upon it. In the case of Grove v. City of Kansas City, 75 Mo. 672, the supreme court of Missouri construing a provision similar to this, held that where no objection is raised on account of the failure of the jury to take the instructions with them, there is no ground for a new trial.

As to the necessity for seasonable objection, this court in the case of Neher v. Armijo, 11 N. M. 67, said:

"It is fundamental that errors complained of must be objected to and exceptions saved, or they will be disregarded in an appellate court. * * * * In so holding we are not unmindful of sub-section 119, section 2685, Com. Laws, 1897, which dispenses with the formal exceptions, but in no sense dispenses with objections in order to preserve the error complained of. We simply hold that objections must be preserved according to the form of law to be available in this court."

And on page 519-20 this court further says in discussing the necessity for objection under section 897, C. L. 1897:

"Can it be pretended that immaterial, invited or waived errors are to be passed upon? We think not. An error of the trial court ceases to be such in the appellate court if the same is immaterial, invited or waived. We are confirmed in this conclusion by the persistent ruling of this court ever since this statute was passed in 1889, to the effect that only such errors as are properly saved and presented will be considered."

Objection was made in the motion for new trial; this was also done in the case from Missouri above referred to, but the court held that this was too late. It would seem to be a dangerous precedent to hold that a new trial should be granted or reversal had, where the jury through carelessness, inadvertance or otherwise fails to take the court's instructions with them, after the same have been

read to them. Error is assigned upon the giving of instruction 13 in the original form, in the use of the word *fact* instead of the word *issue* as used in the modified form which counsel concede to be a correct statement of the law. This assignment is made upon the theory that the court did not properly modify the charge. We cannot concede the correctness of the position of counsel for plaintiffs in error, even if the modification was ineffectual. While the word *issue* may, in many instances, be more comprehensive than the word *fact,* under the pleadings in this case there is no such difference as would be prejudicial to plaintiffs in error, and constitute reversible error. The original instruction was:

"In this case the burden of proof is upon plaintiffs as to every material fact, except that of payment, as to which fact the burden of proof is upon the defendants. In order to entitle the plaintiffs to recover in this case they must establish every such material fact with the exception aforesaid by a preponderance of the evidence; and if you find that the evidence bearing upon the plaintiffs' case is evenly balanced or that it preponderates in favor of the defendants, then the plaintiffs cannot recover, and you should find for the defendants."

If the plea of payment had been the sole plea, there would be force in the contention of plaintiffs in error. Being an affirmative defence, the plaintiffs' case would have been confessed, and the onus would be upon the defendants in error to avoid the effect of this by proving payment in full. Or, if the defendants in error had also pleaded a general denial, but before trial had withdrawn it electing to stand upon the plea of payment, the defendants would then have assumed the affirmative, and the burden of proof being cast upon them, would have been entitled to have opened and closed the case. Cyc. Vol. 16, pages 926, 929, and cases cited; American Digest, Vol. 46, page 738. But this is not the rule when a general denial is also pleaded. Where a defendant denies an allegation material to the plaintiff's case, the burden is on the plaintiff to establish its truth. Cyc. Vol. 16, 929, note 23. Pomeroy on Code Remedies, section 724, says:

"When a denial is pleaded in connection with a de-

fense of new matter, the admission in the one can never be used to destroy the effect of the other. The concession of a defense by way of confession and avoidance do not obviate the necessity of proving the averments contradicted by the denial. This rule is universal."

In this case there is a dispute as to the terms of a parol contract. Each party claims the terms to have been difficult and so testify. In such case the general issue casts the burden of proof upon the plaintiff to establish his version of the contract, and further, to show that some amount is due him under it.

In the case of Garretson v. Betsar, 57 Iowa, 470, the supreme court of Iowa said:

"The defendant simply sets up the agreement as he understood it and alleges he had complied with it. It was not incumbent on the defendant, in order to defeat plaintiff's claim, to prove this agreement and compliance with it. The substantial issue, and which involves the merits of the case, is whether there is due the plaintiff $300 on the contract to purchase. The plaintiff alleges that sum due. The defendant denies that sum or any other amount due * * * *. The burden of proof is on the plaintiff to establish that fact that is, that some amount was due."

The parties were in direct conflict as to the fact, and the burden of proof was upon the plaintiff. Dittle v. Dimmick, 143 N. Y. 552.

Under the general issue, or a general denial, the plaintiff has the burden of proving his claim. And in case the defendant denies merely, or answers so as not to admit, the plaintiff has the burden through the trial as to every part of the case. Selma, etc. Ry. Co. v. D. S., 139 U. S. 560; Heinman v. Hurd, 62 N. Y. 456; Murphy v. Harris, 77 Cal., 104; Knapp v. Roche, 94 N. Y. 332; Brown v. Forbes, 6 Dak. 273; Hun v. Van Dyck, 26 Hun, 567; Van Giesen v. Van Giesen, et al., 10 N. Y. 316; Quin Adm. v. Lloyd 41, N. Y. 349; Grews v. Bleakley, 16 Ill. 21; Sinnamon v. Melborne, 4 Greene (Iowa) 309; Wheatley v. Phelps, 3 Dana (Ky.) 302; Miller v. Brooks, 4 Smed. & M. (Miss.) 175; Somerville v. Stewart, 48 N. J L. 117.

The defendants in error did not set up a special con-

tract, but only a general denial that the contract was as ,
the plaintiff alleged. In our opinion, payment could have
been proven under the general denial, as it devolved upon
the plaintiffs in error, to establish a sum due as they al-
lege a breach by failure to pay. Wetmore v. San Fran-
cisco, 44 Cala. 300; Mickle v. Hinton, 92 Cala. 597-8;
Fresch v. Caler, 21 Cala. 74-5.

The first and second paragraphs of sub-section 2685
of our Code, are identical with section 437 Civil Code of
California, hence the above cited cases seem to be in point
here. But the plea of payment, pleaded as it was after a
general denial, could not under any circumstances cast up-
on the defendants in error the burden except as to the *fact*
of payment ·as stated in the original instruction 13.

Counsel for plaintiffs in error, in their brief, con-
tending that the burden was cast upon the defendants in
error under the plea of payment, insist that, "under the
issue as made up in this case they could show this in either
of two ways: First, by showing a special contract for an
agreed price, and the payment of that price; or second,
by showing that they had paid the reasonable value of the
services rendered. In either event it was incumbent upon
them to show affirmatively all the facts necessary to es-
tablish their plea, and that too, by a preponderance of the
evidence."

We do not so understand the law, unless the plea of
payment was pleaded alone, or in the absence of a general
denial. Plaintiffs in error assert that the burden of proof
was on the defendants in error to show" a special contract
for an agreed price, and the payment of that price." But
under the general issue the burden was on the plaintiffs
in error to prove the contract alleged and the amount due
under it, the single fact of payment being left to the de-
fendants in error, if, indeed, that was required of them.
Therefore, this instruction was not prejudicial to the plain-
tiffs in error even in its original form and ought not to
work a reversal of the cause.

Error is assigned upon the refusal of the court to
give two instructions requested by the plaintiffs in
error.

The first was as follows:

"If the jury believe from the evidence that the plaintiff, A. A. Jones, agreed with the defendant, Charles Springer, to defend the case of the Maxwell Land Grant Company v. John B, Dawson, for a fee of five hundred dollars, and that thereafter and before the rendition of all the services agreed so to be rendered by said Jones, in said cause, the said Springer said to the said Jones: "You cannot be expected to attend to this business for any five hundred dollars; go on with the case and we will see how we come out, and after it is all over, you will be paid what is right," or words to that effect, and such proposition was accepted and acted on by Jones then the plaintiff in this case are entitled to recover for the services of said Jones in said case whatever the same may be reasonably worth, as shown by the evidence in this case."

Evidently the court refused this instruction upon the ground that the court had substantially given the same. The court gave the following charge upon that branch of the case:

4.

"Plaintiffs admit that there was a contract made at the time of Mr. Jones' employment in said case fixing the amount of his compensation at five hundred dollars for the trial of the cause in the district court and supreme court of the Territory, and that three hundred dollars was paid to plaintiff Jones under said contract, but they deny that said contract covered any services of Jones in the supreme court of the United States, or when said cause came back for trial to the district court and supreme court of the Territory for the second trial.

5.

"Plaintiffs claim, however, that the original contract in relation to the services of A. A. Jones, was modified by a subsequent agreement made with the defendant Charles Springer to the effect that his compensation was not to be limited to the five hundred dollars originally fixed, but that he should go on with the litigation, see how it came out, and then Charles Springer would do what was right and after the property should be sold he would pay said Jones a big cash fee."

Cunningham v. Springer.

8.

"If the jury believe from the evidence that the original contract in relation to Mr. Jones' compensation was afterwards modified so that such compensation was not to be limited to the $500.00 agreed upon, then you should find for the plaintiffs in such sum as you believe from the evidence to be a reasonable value of the services of Jones, less whatever sum may have been paid."

This part of the court's charge substantially covered the instruction requested. Counsel objected to the clause of the 5th paragraph as to the payment of a 'big cash fee,' as calculated to mislead the jury into the belief that both of these statements were made in the same conversation. Jones testified that Springer made both of these statements and each of them were evidently intended to show a modification of the agreement and the court gave the plaintiffs in error the benefit of both. The jury were left to determine from their remembrance of the evidence, what the fact was as to the modification of the agreement. It is not error to refuse to give an instruction requested, where the same has been substantially given by the court. Beall v. Territory, 1st N. M. 507; Territory v. O'Donnell, 4 N. M., 196; Prior v. Cattle Co., 6 N. M., 44; Territory v. Baker, 4 N. M., 236; U. S. v. De Amador, 6 N. M., 173; Kirchner v. Laughlin, 6 N. M., 300; Daily v. Bernstein, 6 N. M., 380; Territory v. Edie, 6 N. M., 555; Territory v. Trujillo, 7 N. M., 43; U. S. v. Vigil, 7 N. M., 296; Deserant v. Cerrillos Coal R. R. Co., 9 N. M., 495.

The second instruction which the court refused is as follows:

"The court instructs the jury that the credibility of the witnesses is a question exclusively for the jury; and the law is, that where two witnesses testify directly opposite to each other, the jury are not bound to regard the weight of the evidence as evenly balanced. The jury have a right to determine from the appearance of the witnesses on the stand, their manner of testifying, their apparent candor and fairness; their apparent intelligence or lack of intelligence and from all of the other surrounding circumstances appearing on the trial, which

witness is the more worthy of credit and to give credit accordingly."

Paragraphs 14 and 15 of the court's charge submitted to the jury every element of the requested instruction, except the limitation to two witnesses. At the time the court was called upon to deliver his charge the testimony of several witnesses was before the jury. The court could not say that the testimony of some of the other witnesses would not be considered by the jury as bearing upon the testimony of Jones and Springer, and hence, a general instruction as to the weight of the testimony and credibility of the witnesses was deemed proper. We are of the opinion that the charge of the court relating to the testimony of all the witnesses, was as favorable to the plaintiffs in error, as the case warranted, and while we see no objection to the giving of the instruction as requested, it was not error to refuse it as the general instruction directed the jury to consider the same elements in the testimony of all of the witnesses, including Jones and Springer, that the requested instruction would have required them to consider as to that of Jones and Springer.

The court refused to take from the jury the testimony of witnesses John D. W. Veeder, R. E. Twitchell and Jeremiah Leahy as to the value of the services of Mr. Jones and this ruling is assigned as error.

There is no room for doubt, that the jury found in favor of the defendants in error upon the ground that there was a special contract, by which Jones agreed to accept five hundred dollars in full of all his services in the Dawson case; that there had not been a modification of the agreement, and that Springer had paid Jones in full. This is conclusively shown in the fact that the lowest value fixed Jones' services, in the absence of contract, by the witnesses on either side, was two thousand dollars, the highest being more than one hundred thousand dollars, and if the jury had found that there was no contract limiting Jones to the sum of five hundred dollars, and that the value of his services was provable, they could not have rendered the verdict they returned.

Whether or not there was a contract limiting Jones

to a fee of five hundred dollars, was the first question for the jury to determine, and having found that there was such contract, all testimony as to the value of Jones' services and the value of the land involved in the Dawson suit became immaterial and not for the consideration of the jury. A ruling as to the admission or rejection of such evidence, in the face of the verdict of the jury would not constitute error, regardless of its character.

Where the subject matter of an exception becomes immaterial in the progress of the cause, it cannot be assigned as error, even though the ruling was erroneous. Greenleaf v. Birth, 5th Pet. 132; Philadelphia R. R. v. Howard, 13 How. 334; Brobst v. Brock, 10 Wall., 528; Wilson v. National Bank, 103, U. S. 777; Cavendar v. Cavendar, 114 U. S., 471.

We do not wish to be understood as holding that the court committed error in the ruling upon this evidence in the court below, on the contrary, in our opinion, the rulings are sustained by the weight of authority, but, as the issue upon which this testimony was received, became wholly immaterial by the verdict of the jury, no prejudice could result to the plaintiffs in error, and error if committed, would be harmless.

What has been said above applies with equal force to the assignments regarding the rulings of the court as to the testimony of Mr. Twitchell as to the market value of coal lands, and as to that of Mr. Larrazolo in regard to the professional standing of Mr. Jones, and we do not deem it necessary to further consider those assignments.

Counsel for plaintiffs in error moved the court to strike out that portion of the testimony of witnesses Twitchell, Veeder and Leahy, relative to the value of the property, upon the ground, that the testimony of such witnesses is based on an assumed value, and that this assumption is not based upon the evidence nor was it disclosed to the jury. The synopsis of the testimony in chief, shows, that all of these witnesses testified that they were familiar with the decisions rendered in the Dawson case, both in the territorial courts and supreme court of the United States; that they had examined the record and proceedings in the case, and that they could express

an opinion as to the value of Jones' services, in the absence
of contract. The record of the proceedings in the Daw-
son case, was introduced in evidence. It would appear
from this, that their testimony was based upon the testi-
mony in the case as to the value of Jones' services. Counsel
in their brief state that the hypothetical question pro-
pounded on behalf of the defendants in error, to these
witnesses, omitted the element of value of the property
in the Dawson suit. The transcript has not brought into
this court the hypothetical questions propounded in the
court below, to these witnesses, and counsel's synopsis of
the testimony in chief, does not include these questions. In
the absence of the questions which the court has a right
to examine in determining their contents we must assume
that the questions were properly framed. This objection
is urged especially as to the testimony of Mr. Twitchell,
but Mr. Twitchell testified: "My entire testimony has been
given on the assumptions provided in the questions made
to me by Mr. Spiess. "That there were hypothetical questions
propounded to these witnesses, is not questioned, it is only
objected that one element, which counsel for plaintiffs in
error deems essential, was omitted. This court cannot as-
sume the correctness of counsel's contention as to this
omission, inasmuch as the hypothetical questions are not
before the court.

The action of the court in denying the motion for a
new trial, is also assigned as error.

Counsel for plaintiff in error concede that, except in
rare and unusual cases, motions for a new trial are ad-
dressed to the sound discretion of the court. It is con-
tended, however, that the overruling of this motion was
such a gross abuse of discretion as to amount to an error
of law. Counsel urge that the court denied the motion
under the belief that as trial judge, he was bound by the
verdict, even though there was an overwhelming prepon-
derance of evidence against it. In disposing of the mo-
tion the court did not file a written opinion, and there
is nothing in the record which discloses the views of the
court in the disposition of this motion. There was, how-
ever, a direct conflict of evidence upon the issues submit-
ted to the jury, which the jury reconciled by its verdict,

Cunningham v. Springer.

and we are unwilling to say that there was an abuse of discretion by the trial judge, as we deem the case one of those where the motion for a new trial is addressed to the sound discretion of the court.

For the reasons above stated the judgment of the court below is affirmed. It is so ordered.

Wm. H. Pope, A. J., Frank W. Parker, A. J., Ira A. Abbott, A. J., Edward A. Mann, A. J., concur.

Mills, C. J., having heard this case in court below, did not participate in this decision.