# CUNNINGHAM v. SPRINGER.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF NEW
MEXICO.

No. 146.   Argued January 10, 1907.—Decided February 25, 1907.

The excepting party should make it manifest that an error prejudicial to
him has occurred in the trial in order to justify an appellate court in
disturbing the verdict.

Where defendants deny liability for services rendered by plaintiff on the
ground that the amount was fixed by contract and paid, and the jury
after instructions to find only for plaintiff in case there was no contract
and the value of services exceeded the amount paid, find a verdict for
defendant, all expert testimony as to the value of plaintiff's services
based on the assumption that there was no contract, becomes immaterial;
and as, in view of the verdict, adverse rulings in regard to its admission
were not prejudicial to the plaintiff, even if error, they become imma-
terial and do not afford grounds for reversal.

Where plaintiff did not object below to instructions of the judge limiting
expert evidence, he cannot claim on appeal that it was admissible for a
broader purpose.

While §§ 2992, 3022 of the Statutes of New Mexico provide that all instruc-
tions to the jury must be in writing and that the jury may take the in-
structions with them, this court will not presume in the absence of the
record affirmatively disclosing such a fact that the jury did not take with
it the written instructions as finally corrected by the court.

A judge is not bound to charge the jury in the exact words proposed to
him by counsel, and there is no error if he instructs the jury correctly
and in substance covers the relevant rules of law proposed by counsel.


THE plaintiffs brought an action in the District Court in the
Territory of New Mexico, in which they sought to recover
$75,000 as the reasonable value of the services of the plaintiff
Jones, as an attorney at law, rendered to the defendants at
their request. For answer the defendants pleaded a general
denial and payment. The jury returned a verdict for the
defendants. The plaintiffs alleged exceptions to certain
rulings of the judge who presided at the trial, which were over-
ruled by the Supreme Court of the Territory, and are here

upon writ of error to that court. The exceptions are stated in the opinion.

*Mr. Neill B. Field,* for plaintiff in error:

Where there is a dispute as to the terms of an alleged contract, evidence of the value of the subject-matter of the contract is admissible as tending to show whether such a contract was or was not probably entered into. *Barney* v. *Fuller,* 30 N. E. Rep. 1008; *Flagg* v. *Reilly et al.,* 48 N. Y. Supp. 544; *Whitney Co.* v. *Stevenson,* 45 N. Y. Supp. 552; *Walker* v. *Johnson,* 46 N. Y. Supp. 864; *Allison* v. *Horning,* 22 Ohio St. 146; *Swain* v. *Cheney,* 41 N. H. 232; *Roberts* v. *Roberts,* 91 Iowa, 231; *Paddleford et al.* v. *Cook,* 74 Iowa, 433; *Johnson* v. *Harder et al.,* 45 Iowa, 677; *Kidder* v. *Smith,* 34 Vermont, 291; *Bradbury* v. *Dwight,* 44 Massachusetts, 31; *Baxter* v. *Wales,* 12 Massachusetts, 365; *Leland* v. *Stone,* 10 Massachusetts, 459.

The contract price and the value of property or services may be so variant that the mere disparity will raise a presumption of fraud, and while mere inadequacy of price is not ordinarily sufficient to defeat the enforcement of contracts at law if their existence be clearly established, yet a glaring inadequacy of price affords strong presumptive evidence that the contract if oral was never entered into, and if written was obtained by circumvention and fraud. *Hume* v. *United States,* 132 U. S. 414, 415.

Paragraph 13 of the charge of the court was clearly erroneous.

The plaintiffs in error sought to recover as upon a *quantum meruit* the reasonable value of the services of Jones; the defendants in error by their answer allege that they had, prior to the institution of the suit, paid Jones for those services. They did not plead the special five hundred dollar contract, as perhaps in strictness they ought to have done, but they sought to show by evidence in support of their plea of payment, that there was such a contract. Proof of the payment of five hundred dollars, without proof of the special contract relied on, would not maintain the plea of payment. The whole defense

of payment rested upon the existence of the contract testified to by the witness Springer. This instruction, however, put upon plaintiffs in error the burden of proving that there was no such contract.

While as to every other issue than that of payment, the burden of proof was on plaintiff; it was, however, the defendants in error who relied upon the special contract, and evidence of the existence of the special contract would not have been admissible under a general denial. *Register Printing Co.* v. *Willis*, 57 Minnesota, 95; *Lautenschlager* v. *Hunter*, 22 Minnesota, 268.

The attempted modification of paragraph 13 was not in writing, and this error was neither invited nor waived.

The statutes of the Territory require that all instructions shall be in writing. Laws of New Mexico, secs. 2992, 2994, 2995, 2996, 2997, 2998, 3002, 2685. The instruction asked with reference to the preponderance of the evidence should have been given.

This instruction appears to have been peculiarly applicable to this case as it was presented to the jury. *Thorwegan* v. *King*, 111 U. S. 554; *Tryon* v. *Pingree*, 112 Michigan, 338; *Deserant* v. *Cerrillos &c. Co.*, 178 U. S. 409; *Durant Min. Co.* v. *Percy &c. Co.*, 93 Fed. Rep. 166.

*Mr. Charles A. Spiess*, with whom *Mr. Thomas B. Catron*, *Mr. Aldis B. Browne* and *Mr. Alexander Britton*, were on the brief, for defendants in error:

That a hypothetical question is not required to embrace all of the facts proven or elements which may be considered upon the particular subject under investigation has been many times expressly ruled by the courts of the United States. *Turnbull* v. *Richardson*, 69 Michigan, 413; *Denver & Rio Grande Ry.* v. *Roller*, 100 Fed. Rep. 738; *Brooks* v. *City*, 87 N. W. Rep. 682; *Cole* v. *Fall Brook Co.*, 159 N. Y. 59; *S. C.*, 53 N. E. Rep. 670; *Stearns* v. *Field*, 90 N. Y. 640; *Horn* v. *Steamboat Co.*, 48 N. Y. Supp. 348.

The plaintiffs desired a direction to the jury, as to their duty in the event it was found that there was a modification of the original contract. The court by its eighth instruction discharged its full duty in that regard. *Continental Improvement Co.* v. *Stead,* 95 U. S. 165; *Boyce* v. *California Stage Co.,* 25 California, 960; *Birmingham Fire Ins. Co.* v. *Pulveri,* 126 Illinois, 329; *White* v. *Gregory,* 126 Indiana, 95; *Larsh* v. *Des Moines,* 74 Iowa, 512; *Missouri Pacific R. R. Co.* v. *Cassity,* 44 Kansas, 207; *Naples* v. *Raymond,* 72 Maine, 213; *Kersner* v. *Kersham,* 36 Maryland, 334; *Champlain* v. *Detroit Stamping Co.,* 68 Michigan, 238; *Norwood* v. *Sommerville,* 159 Massachusetts, 105; *Law* v. *Grimes Dry Goods Co.,* 38 Nebraska, 215; *Ayers* v. *Watson,* 137 U. S. 584.

The complaint in this case alleges that the defendants employed the plaintiff Jones to render services for them, and agreed to pay the said Jones the reasonable value of his services, and that the reasonable value of such services is $75,000.

The answer of the defendants as to that allegation was a general denial. Under the ordinary rules, there can be no question upon whom the burden of proving his case rests, if the pleadings in the case are to control that question.

Under the general issue, or a general denial, the plaintiff has the burden of proving his claim; and in case the defendant denies merely, or answers so as not to admit, the plaintiff has the burden throughout the trial as to every point of the case. *Selma &c. Ry. Co.* v. *United States,* 139 U. S. 560; *Heineman* v. *Hurd,* 62 N. Y. 456; *Murphy* v. *Harris,* 77 California, 104.

The general rule is that the one who makes a claim which is denied has the burden of establishing the claim. *McEvoy* v. *Swayze,* 34 Nebraska, 315.

And in fixing the burden of proof a pleading or evidence that amounts to a denial has the effect of a denial although cast in the form of an assertion. *Union Nat'l Bank* v. *Baldenwick,* 45 Illinois, 375; *Burnham* v. *Noyes,* 125 Massachusetts, 85; *Berringer* v. *Lake, S. I. Co.,* 41 Michigan, 305; *Eastman* v. *Gould,* 63 N. H. 89.

Courts have, in determining the question upon what side the burden of proof rests, invented various tests.

One common test to determine upon which party lies the burden is to ask which would be entitled to a verdict if no evidence were offered on either side.

Applying these various tests, it follows that a defendant who simply denies should never have the burden of proof. *Turner* v. *Wells*, 64 N. J. Law, 269; *Scars* v. *Daly*, 73 Pac. Rep. 5; *Benton* v. *Burbank*, 54 N. H. 583.

And if the evidence or pleading amounts to a denial, although either may take the form of an allegation, the rule is the same. *Cook* v. *Malone*, 128 Alabama, 662; *East* v. *Crow*, 70 Illinois, 91; *Denver Fire Brick Co.* v. *Platt*, 11 Colorado, 509; *Coffin* v. *President &c.*, 136 N. Y. 655; *Perley* v. *Perley*, 144 Massachusetts, 104.

MR. JUSTICE MOODY, after making the foregoing statement, delivered the opinion of the court.

The plaintiff Jones was engaged as an attorney at law by the defendants, in an action of ejectment to recover certain lands from one of the defendants, in which the other defendant had an interest. Under his employment Jones rendered services in the preparation and trial of the case in the District and Supreme Courts of the Territory of New Mexico and in the Supreme Court of the United States. The plaintiffs brought this action to recover the reasonable value of Jones' services. The defendants, admitting the employment and the services, contended that they were rendered under a special contract, whereby Jones agreed to accept five hundred dollars in full payment for the entire litigation, and that payment was made in conformity with the agreement. The plaintiffs, admitting that a payment of five hundred dollars was made to and accepted by Jones, contended that it was made and accepted in pursuance of an agreement to accept that sum as full payment for the service to be rendered in the first trial of the case in

the District and Supreme Courts of the Territory, and did not cover the services in this court, or in the subsequent proceedings in the courts of the Territory, for which they claimed the sum of seventy-five thousand dollars as a reasonable compensation. The parties introduced evidence in support of their respective contentions. The jury returned a verdict for the defendants. Exceptions to the rulings and instructions of the court are presented here for consideration.

Both parties offered testimony of witnesses, who qualified as experts, as to the value of Jones' services, and their estimates ranged from two thousand to one hundred and twenty-five thousand dollars. Three witnesses called by the defendants on this branch of the case, after testifying to their qualifications and their knowledge of the course of the litigation in which Jones was employed, gave their opinion of the value of Jones' services on the assumption that his fee was not fixed by contract. No objection was made to the testimony at the time it was given, but it appearing upon cross-examination that each witness assumed in his own mind some value of the land in dispute in the litigation in which Jones was employed, counsel for the plaintiff, without asking what that value was, in the case of each witness at the conclusion of his testimony, moved to strike it out, because it was based upon an assumption of the value of the land in controversy in the original case, which was not disclosed to the jury and not based upon the evidence in the case on trial. To the refusal of the court to strike out the testimony the plaintiff excepted.

These three exceptions do not materially differ, and may, therefore, be considered together. They illustrate the importance of a strict application of the principle that the excepting party should make it manifest that an error prejudicial to him has occurred in the trial in order to justify an appellate court in disturbing the verdict. The witnesses were testifying in chief in response to hypothetical questions which do not appear in the record. The plaintiff had the right to the fullest cross-examination for the purpose of determining their competency

and affecting the weight of their testimony. If there was in the mind of either of the witnesses an assumption of fact not fairly presented by the evidence, or one which the jury might regard as improbable, it might have been elicited upon cross-examination, and the testimony then excluded or discredited accordingly. This course was not pursued by counsel, who preferred to obtain the benefit of an exception. To say the least, it is difficult to detect any error in the rulings. But assuming, without deciding or intimating, that there was error in the refusal of the court to strike out the testimony of these witnesses, the error was not prejudicial to the plaintiffs, because, by the course of the trial, this branch of the case became entirely immaterial. The defendants' contention was that Jones was employed under a contract by which he agreed to give his services throughout the entire litigation for $500, and that he had been paid in accordance with the terms of the contract. The plaintiffs' contention was that he agreed upon $500 as his compensation for the trial of the case in the District Court and the Supreme Court of the Territory, and that for all subsequent services he was entitled to be paid a reasonable compensation. In the charge to the jury these conflicting contentions were clearly submitted for determination. The jury were instructed that if, as the defendants asserted, Jones had agreed to give his services throughout the entire litigation for $500, and that that $500 had been paid to him, that the verdict should be for the defendants. The jury were instructed on the other hand that, if the contract between the parties was as asserted by the plaintiffs, the jury should find for the plaintiffs whatever part of the $500 remained unpaid and, in addition thereto, the reasonable value of the services Jones rendered in the subsequent proceedings. In other words, the jury were instructed that, only in the case Jones agreed to give his services throughout the entire litigation for $500, which had been paid, there should be a verdict for the defendants; otherwise there should be a verdict for the plaintiffs in a sum to be fixed by the jury. The jury did return a verdict

for the defendants. The verdict, therefore, affirmed ·the defendants' version of the contract and thereby rendered all of the testimony as to the value of Jones' services immaterial. The plaintiffs, however, urged in argument before us that the evidence of the value of Jones' services was competent not only as fixing the amount which he might recover in case his version of the contract should be found by the jury to be true, but also in the settlement of the dispute as to the terms of the contract between the parties, upon the theory that if the services of Jones were reasonably worth a far larger sum than $500, that fact would have some tendency to show that he did not agree to render them for $500. However this may be, the testimony on the value of the services was not admitted for any such purpose. Each witness testified upon the assumption that the compensation was not fixed by contract, and it was upon that assumption alone that the testimony was submitted for the consideration of the jury. It was not admitted for the purpose of determining the dispute between the parties as to the terms of the contract. Moreover, in submitting that testimony to the jury under instructions which were clear and adequate, the judge who presided at the trial limited it to the purposes for which it was admitted, and instructed the jury that if they believed from the evidence that the contract was that Jones should give his services throughout the entire litigation for $500, then the jury "should not consider the evidence of the various attorneys who have testified to the reasonable value of the services of the said Jones, but should disregard the same, for the reason that the contract has limited and fixed the amount to which said Jones is entitled." To the admission of the evidence for this limited purpose, to the instructions of the judge thus limiting it and directing that it should be disregarded if the jury found the defendants' version of the contract to be true, the plaintiffs did not object. It is too late now to claim that it might have been admissible for a broader purpose. There is, therefore, presented a case of evidence admitted and used solely upon an

issue which has become immaterial by the verdict of the jury. Any errors, therefore, if such there were, in admitting the evidence became immaterial. *Greenleaf* v. *Birth*, 5 Pet. 131; *Brobst* v. *Brock*, 10 Wall. 519, 526; *Poland* v. *Brownell*, 131 Massachusetts, 138; *Sullivan* v. *Railway*, 162 Massachusetts, 536; *Hotel Co.* v. *Grove Co.*, 165 Massachusetts, 260; *Geary* v. *Stevenson*, 169 Massachusetts, 23; *Read* v. *Nichols et al.*, 118 N. Y. 224; *Schrubbe* v. *Connell*, 69 Wisconsin, 476; *Nones* v. *Northhouse*, 46 Vermont, 587; *Carruthers & Murray* v. *McMurray*, 75 Iowa, 173; *Allen* v. *Blunt*, 2 Woodb. & M. 121; *Burnett* v. *Lutterell*, 52 Ill. App. 19. For these reasons the three foregoing exceptions should be overruled.

The thirteenth instruction to the jury was as follows:

"In this case the burden of proof is upon the plaintiffs as to every material fact, except that of payment, as to which fact the burden of proof is upon the defendants. In order to entitle the plaintiffs to recover in this case, they must establish every such material fact, with the exception aforesaid, by a preponderance of the evidence; and if you find that the evidence bearing upon the plaintiffs' case is evenly balanced, or that it preponderates in favor of the defendant, then the plaintiffs cannot recover, and you shall find for the defendants."

To this instruction the plaintiff excepted. Thereupon the judge said to the jury:

"In the thirteenth instruction given you by the court, in which I spoke about the burden of proof, I have concluded to modify that instruction by striking out the words *material fact* in the second line and inserting in lieu thereof the word *issue;* and also in same line the word *fact* and insert in lieu the word *issue*, and in the fifth line strike out the words *material fact* and put in the word *issue*—so the instruction will read, gentlemen, as follows:

"'In this case the burden of proof is on the plaintiffs as to every issue, except that of payment, as to which issue the burden of proof is upon the defendants. In order to entitle the plaintiffs to recover in this case they must establish every such

issue, with the exception aforesaid, by a preponderance of the evidence; and if you find that the evidence bearing upon the plaintiffs' case is evenly balanced, or that it preponderates in favor of the defendants, then the plaintiffs cannot recover, and you should find for the defendants.'

"Now, gentlemen, I will withdraw instruction No. thirteen given to you before and insert and give this amended instruction instead."

The court read the foregoing amended instruction from a carbon copy of the original charge, in which the words above mentioned as stricken out were crossed out with a pencil, and the words mentioned as having been inserted were written in with a pencil. After the foregoing amended instruction was read to the jury, the counsel for the plaintiffs said to the court:

"As thus modified I think the charge is absolutely without objection, if the court please."

The exception, therefore, was abandoned in open court, but it is argued that reversible error appears in the record because it goes on to say:

"The amendment to the thirteenth instruction by the court to the jury as thus made was also taken down by the court's stenographer and transcribed by the said stenographer from his notes of the proceedings of the trial and attached to the original charge on file, after the verdict of the jury had been returned."

In support of this contention it was said that by section 2922 of the statute of New Mexico "all instructions to the jury must be in writing;" and that by section 3002 "the jury, when it retires, shall be allowed to take the pleadings in the case, instructions of the court and any instruments in writing admitted as evidence," and urged that either the record shows that the amended instruction in writing was not taken to the jury room, and therefore the plaintiff is entitled to claim this failure as an error, although it was not alleged at the time of the occurrence, or that by the failure of the court

to send the amended instruction to the jury the plaintiff is entitled to the benefit of the original exception which was abandoned in open court. Whatever merit this contention may have rests upon the assumption that the amended instruction was not-taken by the jury when it retired. We do not know whether it was so taken or not. It is enough to say that the record does not affirmatively disclose that the judge failed to give the written amendment to the jury when it retired. If the plaintiffs' counsel did not discover at the time that the instructions were not taken by the jury, in accordance with the terms of the statute, it is too much to expect this court to conjecture that they were not taken, in the absence of any such statement in the record. *Grove* v. *City of Kansas*, 75 Missouri, 672.

An exception is alleged to the refusal of the court to give the following instruction:

"If the jury believes from the evidence that the plaintiff A. A. Jones agreed with the defendant Charles Springer to defend the case of the *Maxwell Land Grant Company* v. *John B. Dawson*, for a fee of $500, and that thereafter and before the rendition of all the services agreed to be rendered by said Jones in said cause, the said Springer said to the said Jones, 'You cannot be expected to attend to this business for any $500; go on with the case, and we will see how we come out, and after it is all over, you will be paid what is right,' or words to that effect, and such proposition was accepted and acted on by said Jones, then the plaintiffs in this case are entitled to recover for the services of said Jones in said case whatever the same may be reasonably worth, as shown by the evidence in this case."

But the instruction requested was substantially as given by the court in instructions five and eight, which are as follows:

"Plaintiffs claim, however, that the original contract in relation to the services of A. A. Jones was modified by a subsequent agreement made with the defendant Charles Springer to the effect that his compensation was not to be limited to

the $500 originally fixed, but that he was to go on with the litigation, see how it came out, and then Charles Springer would do what was right, and after the property should be sold he would pay said Jones a big cash fee.

"(8) If the jury believes from the evidence that the original contract in relation to Mr. Jones' compensation was afterward modified so that such compensation was not to be the $500 agreed upon, then you should find for the plaintiffs in such sum as you believe from the evidence to be the reasonable value for the services of Jones less whatever sum may have been paid thereon."

The plaintiff excepted to the refusal of the court to instruct the jury as follows:

"The court instructs the jury that the credibility of the witnesses is a question exclusively for the jury; and the law is that where two witnesses testify directly opposite to each other, the jury are not bound to regard the weight of the evidence as evenly balanced. The jury have a right to determine from the appearance of the witnesses on the stand, their manner of testifying, their apparent candor and fairness, their apparent intelligence or the lack of intelligence, and from all of the other surrounding circumstances appearing on the trial, which witness is the more worthy of credit and to give credit accordingly."

But so far as the plaintiff was entitled to this instruction it was given to the jury by instruction 14. A judge is not bound to charge the jury in the exact words proposed to him by counsel. The form of expression may be his own. If he instructs the jury correctly and in substance covers the relevant rules of law proposed to him by counsel, there is no error in refusing to adopt the exact words of the request. *Continental Improvement Company* v. *Stead,* 95 U. S. 161.

The judgment of the Supreme Court of New Mexico is, therefore,

*Affirmed.*