Smith v. A., T. & S. F. Ry. Co., 19 N. M. 247

(No. 1649, July 17, 1914)

## D. K. SMITH, Appellee, vs. ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, Appellant.

### SYLLABUS BY THE COURT.

1. On appeal to this court, where the only assignment of error is that the court below refused to sustain a motion for judgment upon the special findings of the jury, this court under Section 2993, C. L. 1897, is limited to a determination of whether or not such special findings are inconsistent with the general verdict. The special findings override the general verdict only when both cannot stand together, the antagonism being such, upon the face of the record, as is beyond the possibility of being removed by any evidence legitimately admissible under the issues in the cause.

P. 251

Appeal from District Court, Roosevelt County; John T. McClure, Presiding Judge. Affirmed.

W. C. REID, Roswell, N. M., for Appellant.

Common Law Rule. 13 N. M., p. 131; Elliot on Railroads, Vol. 3, Sec. 1203; 45 Mo., p. 22; 115 S. W. Rep. 1039; Elliot on Railroads, Vol. 3, Sec. 1204.

W. R. McGILL, La Lande, N. M., for Appellee.

Common Law. 13 N. M. 131; 49 Fed. 798; 16 A. & E. L. 472.

General Verdict of Jury. 11 N. M. 162; 103 Pac. 980.

### OPINION.

MEDLER, D. J.—The record in this case discloses that the cause of action of plaintiff grows out of the killing of a Jersey milch cow by a passenger train of the defendant Railway Company, at or near the station of La Lande, on the 30th of October, 1911. Suit was originally brought before a justice of the peace, and after a trial by jury,

a verdict of $60 damages was awarded plaintiff, Smith. The Railway Company appealed to the District Court, and the cause coming on for trial there the plaintiff amended his complaint by setting up an additional cause of action for the value of the hide of the cow, amounting to $3.00 which was converted by the defendant company. After evidence taken, on a trial by jury in the District Court, the jury returned a verdict in favor of the plaintiff, Smith, for $63. Motion for new trial being filed, the plaintiff remitted the $3, claimed for the hide, and judgment was entered in his favor for $60, and from this judgment the Railway Company has appealed to this court. The record before us contains a full transcript of the evidence taken upon the trial, the instructions asked and refused by the respective parties, the instructions given by the court, special findings, exceptions to instructions, and in fact all the proceedings in the case. The defendant Railway Company asked the court to submit special findings, which were answered by the jury as follows:

"1. Was the cow struck by the defendant's engine on a public crossing or on some other part of the defendant's right of way?"

"Ans. Public crossing."

"2. How far was the cow in question from the defendant's engine when first discovered by the engineer?"

"Ans. Don't know."

During the trial and proceedings in the court below many exceptions were taken to alleged errors committed by the court in the course of the trial, but only one assignment of error is assigned in this court, viz:

"The court below erred in refusing to sustain and grant the motion of defendant for judgment on the special verdict of the jury, found at Page 32 of the Transcript of Record, it appearing from said special findings, found on Page 19 of the Transcript of Record, that the cow in question was struck at a public crossing and that there was no evidence in the record showing any negligence whatever upon the part of the defendant or any of its

employes in the operation of its trains which struck said cow."

An examination of the evidence shows that the cow in question was killed about a quarter of a mile east of the station of La Lande, at a public crossing. It is contended by the appellant Railway Company that no negligence was shown upon the part of the engineer or trainmen, and that in the absence of such showing of negligence the court should have sustained the motion of the defendant Railway Company for judgment upon the special findings.

Sec. 2993 of the Compiled Laws (1897), provides: "In all trials by jury in the district courts, the court shall at the request of the parties, or either of them, or their counsel, in addition to the general verdict, direct the jury to find upon particular questions of fact, to be stated in writing by the party or parties requesting the same. When the special finding of fact is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly."

The only question to be determined by this court, upon the assignment of error filed, is whether the special finding of facts as found by the jury is inconsistent with the general verdict returned by the jury. The court below, in its 7th instruction to the jury, gave the following instruction: "If you find from a preponderance of the evidence, that plaintiff's said cow was killed by a train of the defendant's, on or about the 30th day of October, 1911, at a point or place on the defendant's line of railroad where a public road or highway crossed the same, then and in that event you are instructed that the burden of proof is on the plaintiff and he is required to satisfy you by a preponderance of the evidence that the defendant, its agents, servants or employes, were negligent in the management of its said train which killed plaintiff's said cow, and that the killing of said cow was the result of such negligence." As indicated by the first finding, the jury determined that the killing of the cow took place at a public crossing, and this special finding is not inconsistent

with the general verdict, if the jury, in following the above instruction of the court was satisfied that the killing of the cow was caused by the negligence of the defendant's employes.  To have rendered the general verdict under the 7th instruction, the jury must have found negligence on the part of appellant, and the presumption will be indulged that they followed the court's instructions in arriving at their verdict.

It is contended by the appellant Railway Company that the answer to the second finding concerning the distance of the cow from the engine when first discovered by the engineer, implies that the jury found there was no negligence, when it answered the question to the effect that it didn't know.  The only evidence upon this question was that given by the engineer of the train that killed the cow.  He states that the cow "couldn't have been but a very short distance, 100 feet, more or less, right close by" when he first saw it.  "Q. Was it more than 100 feet? A. No, sir; couldn't have been." On cross-examination he said: "Q. You say when you got up within 100 feet or less you observed the cow on the track?  A. Yes, sir. Q. Right on the track, standing on the track, was she? A. Yes, I suppose on the track, must have been because I hit it." It may well be inferred from this testimony that the jury could not answer the special finding by determining just how far away the cow was when first discovered by the engineer.  This answer to this finding, "Don't Know," can be easily supported by this evidence, nor do we think the naked answer to this question, in view of the other instruction of the court, raises any presumption that the jury found there was no negligence.

On this appeal, in view of the assignment of error, we are not at liberty to go into the evidence and determine for ourselves whether or not negligence is shown; and if not shown, whether the general verdict is supported by the evidence.  We are limited to the sole question of whether or not the general verdict is contrary to the special findings.  The special findings override the general verdict only when both cannot stand together, the antago-

nism being such, upon the face of the record, as is beyond the possibility of being removed by any evidence legitimately admissible under the issues in the cause. The appellant has directed his argument and brief to the question of this court's determining the law as to whether a railroad company is liable for damages for the killing of stock at public crossings, in the absence of a showing of negligence. We think the 7th instruction of the court fully covers this ground, nor is it necessary for us to decide this proposition of law in determining this appeal. The appellant had the benefit of his contention before the jury and under this 7th instruction of the court. The jury, in view of this 7th instruction of the court above quoted, having found that the killing of the cow took place at a public crossing, in its verdict in favor of the plaintiff, must have found that there was negligence upon the part of the Railway Company. This was a matter for the determination of the jury, in view of all the facts and circumstances of the case. Taking the issue in the case this 7th instruction and the general verdict of the jury together, we do not think the special finding of the jury that the killing of the cow took place at a public crossing, or that the jury wasn't able to determine and therefore said they didn't know how far the cow was away when first discovered by the engineer, is a finding that there was no negligence upon the part of the defendant company's employes, nor are the special findings inconsistent with the general verdict sufficient to control the latter, in accordance with Section 2993 of the Compiled Laws of 1897.

Being limited in this case, under the assignment of error, to a determination of whether the special findings are inconsistent with the general verdict, and finding that they are not, the judgment of the lower court will be affirmed, and, it is so ordered.