## SILVERBERG et al. v. UNIITED STATES.[*]

(Circuit Court of Appeals, Fifth Circuit. March 13, 1925. Rehearing Denied April 6, 1925.)

No. 4336.

1. **Criminal law** ⊙=145—**Defendants waived right to trial in particular division by proceeding to trial on pleas of not guilty without objection.**

Defendants, tried in district in which crime was committed, waived right to trial in particular division of district, under Judicial Code, § 53 (Comp. St. § 1035), by failure to raise question before jury was impaneled, and by proceeding to trial on pleas of not guilty:

2. **Criminal law** ⊙=1169(11)—**Cross-examination as to indictment for other crime reversible error.**

In prosecution for aiding bankrupt in concealment of property, action of court in permitting cross-examination of one defendant as to whether he had not been indicted for the fondling of a child in a certain store would have been reversible error, if such defendant 'had been convicted.

3. **Criminal law** ⊙=1162—**Error not ground for reversal, unless prejudicial.**

Error is not ground for reversal, unless prejudicial.

4. **Criminal law** ⊙=1136—**Cross-examination of one defendant as to indictment for other crime held not reversible error as to other defendants.**

In prosecution of a bankrupt for concealment of assets, and of other defendants for aiding and abetting bankrupt in concealment thereof, cross-examination of one of the defendants, who was acquitted as to indictment against him for the fondling of a child, held not ground for reversal of conviction of other defendants.

5. **Criminal law** ⊙=1038(2) — **Omission to charge on presumption of innocence, to which court's attention was not called, held not error.**

Failure to charge jury on presumption of innocence held not ground for reversal, where court's attention was not called to omission.

In Error to the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

I. A. Silverberg and Adolph Feigenbaum were convicted, respectively, of concealing assets from trustee in bankruptcy and of aiding and abetting in concealment of assets, and they bring error. Affirmed.

*Certiorari denied 45 S. Ct. 640, 69 L. Ed. ——.

W. F. Weeks and Chas. I. Francis, both of Wichita Falls, Tex., for plaintiffs in error.

Henry Zweifel, U. S. Atty., of Fort Worth, Tex.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. On March 25, 1924, an indictment was returned against the plaintiffs in error, hereafter called the defendants, and three others, in the Wichita Falls division of the Northern district of Texas. The indictment charged the defendant Silverberg with concealing assets from his trustee in bankruptcy, and charged the defendant Feigenbaum with aiding and abetting him. The other three defendants were also charged with aiding and abetting Silverberg. As to one of the other defendants, Newsome, the court instructed a verdict. The other two were acquitted by the jury.

It appears from the record that Silverberg was in business at Munday, Tex., which is within the Wichita Falls division. There is evidence tending to show that prior to bankruptcy certain merchandise, of about $5,000 in value, was removed from his store at Munday and transferred to the store of Feigenbaum at Stamford, Tex., which is in the Abilene division of the same court. Some of the goods were found there after bankruptcy. Silverberg was adjudicated a bankrupt in involuntary proceedings and a trustee was elected. Silverberg did not list any of the property in Feigenbaum's store on his schedules. He told his trustee nothing about any property in Stamford, but at one time did state to the attorney for the trustee that he had exchanged about $500 worth of goods with Feigenbaum.

The defendants question the jurisdiction of the court to try them, on the ground that the concealment took place, if at all, in the Abilene division, and not in the Wichita Falls division. The question is raised by a motion to direct a verdict and by numerous special charges requested of the court, but was not raised in limine, by demurrer or otherwise. Error is assigned to the overruling of the motion and to the refusal of the special charges.

The indictment plainly charges that the goods had been removed from Munday to Stamford before the adjudication, and there concealed until after the trustee was appointed, so the defendants were fully advised as to what they had to meet. They joined issue on pleas of not guilty, and did not

raise the question of jurisdiction until after the close of the evidence.

[1] The question presented is wholly technical, and merely that of venue, purely personal to the defendants. The crime was committed in the district, whether at Munday or Stamford, and the court had jurisdiction. Under the provisions of section 53, Judicial Code (Comp. St. 1035), the indictment could have been returned in any division of the district, and then transferred to the proper division for trial by order of court. Salinger v. Loisel, 265 U. S. 224, 44 S. Ct. 519, 68 L. Ed. 989. And under the provisions of said section 53 the case could have been transferred for trial to any division of the district at the request of defendants. It was too late to raise the question after the jury had been impaneled and the defendants had gone to trial on pleas of not guilty. Any rights the defendants had to be tried in a particular division of the district could have been and were waived.

[2] A more serious question is raised by the twelfth assignment of error relative to certain questions asked the defendant Newsome when on the stand as a witness. In the course of his cross-examination, the assistant district attorney asked him the following question: "Since you have been indicted in this court on this count, have you had a complaint filed against you or been indicted for the fondling of a child in the Stamford store?"

This question was objected to, the objection was overruled, and the witness was compelled to answer. There is no doubt that the question was highly improper and prejudicial to the defendant. The answer could only have tended to disgrace and humiliate the witness, could not possibly have been relevant to the inquiry on hand, and was likely to create an adverse feeling against him in the minds of the jury. Had Newsome been convicted, the overruling of the objection would have been reversible error. Taliaferro v. U. S., 213 F. 25, 129 C. C. A. 611.

[3, 4] However, it is only because of prejudicial error that a reversal should be had. As applied to the other defendants, the testimony of this witness was immaterial. The defendants admitted that goods were transferred from the Munday store to the Stamford store, and the defense was that it was a legitimate exchange. Newsome was not working for Feigenbaum at Stamford when the exchange was said to have been made, and his testimony was in effect that he knew nothing about the transactions between the defendants. His whole effort was to exculpate himself.

It is contended, however, by the defendants, that the testimony was material, because it tended to contradict other testimony given by a witness, Bishop, and a witness, Adair, who testified for the prosecution. The part of Bishop's testimony relied on by defendants relates to a conversation between Adair and Feigenbaum, and does not contradict Newsome at all. There is some discrepancy in the version given by Newsome of a conversation between him and Adair, but it is only such as would usually appear in the verbiage employed by witnesses, and it was not material.

Defendants try to point out a portion of the charge of the court which emphasizes the importance of this conversation. That portion of the charge is somewhat ambiguous, but, on analysis, it is clear that the judge was referring to the conversation between Adair and Feigenbaum, in which Newsome had no part. We think the error was not prejudicial to the defendants now before the court, and there should be no reversal on that ground. Cunningham v. Springer, 204 U. S. 647, 27 S. Ct. 301, 51 L. Ed. 662, 9 Ann. Cas. 897; Motes v. U. S., 178 U. S. 458, 20 S. Ct. 993, 44 L. Ed. 1150.

[5] The thirteenth assignment of error is to the failure of the court to charge the jury on the presumption of innocence. It is so natural for a judge to charge the jury in a criminal case that the accused is presumed to be innocent that it is quite evident that his failure to do so in this case was a mere oversight. His attention was not called to the oversight, either by special request or exception at the end of the charge, and the assignment of the omission as error in this case is purely an afterthought. It is also apparent that the defendants did not suffer because of this omission. The court charged the jury that the burden was on the government to prove the guilt of defendants beyond all reasonable doubt, and the charge otherwise fully covered the case. It is elemental that, unless the attention of the court is called to an omission of this kind by exception, no error can be predicated on it.

There are other assignments of error, but it is sufficient to say we find no merit in them. There was ample evidence to sustain the verdict.

The judgment is affirmed.