233 P.2d 1047

**CHANDLER v. BATTENFIELD.**

No. 5403.

Supreme Court of New Mexico.

July 13, 1951.

Rowley & Davis, Clovis, for appellant.

Fred E. Dennis, Lynell G. Skarda, Clovis, for appellee.

COMPTON, Justice.

Appellee brought this action to recover damages for personal injuries sustained in an automobile collision. The case was tried to a jury which returned its verdict in favor of appellee. Judgment was entered following the verdict, from which appellant appeals.

On the night of February 6, 1948, about 10:30 P.M., appellant was driving an International truck, heavily loaded, in a westerly direction from the City of Clovis, New Mexico, on highway 60. He resides northwest of Clovis and, following his usual route home, it was his intention to turn north off highway 60 at the intersection of Ranchvale road. The weather condition was disagreeable, damp and foggy. And due to the denseness of the fog he failed to see the intersection and passed it a short distance, about the length of his truck. He left his truck parked on the pavement until he could determine the best manner of removing it. While reflecting on the matter, Fred Burch came up from the east in a pickup and parked to the north of appellant, at the intersection. Burch made inquiry as to the trouble and appellant explained in effect that he had missed his road. Following a short conversation it was decided by appellant that if Burch would back his pickup in such manner as to direct his headlights on the Ranchvale road that he would back his truck a sufficient distance so as to enable him to drive north, and onto the Ranchvale road. Burch backed the pickup and pointed his lights in a northwesterly direction, the rear portion of the pickup then being on the pavement. As Burch backed his pickup, appellant was at the same time backing the loaded truck. While thus in the process of backing the vehicles, Burch, hearing appellee's automobile approaching from the east, suddenly jerked his pickup into forward gear and ran it off the pavement and onto the Ranchvale road. The Burch pickup having blocked the view of the highway, appellee ran into the rear of appellant's truck resulting in the alleged injuries, the extent of which is not questioned.

■ It is obvious from appellant's own testimony that in violating the following statutory provisions, he is guilty of negligence per se and that such negligence proximately contributed to the accident. The sections read:

"* * * In any case of a breakdown or stop, other than stops required by law, upon the paved or traveled portion of the highway between sundown and sunrise, the driver shall immediately display a lighted fusee type flare at the side of the vehicle nearest the traffic, and then proceed forthwith to light and place said oil torches as follows: One (1) torch not less than 100 feet directly in the rear of said motor vehicle; one (1) torch not less than 100 feet directly in front of the said motor vehicle; and one (1) at the side of such vehicle nearest traffic. The distance shall be left to the discretion of the driver to place the oil torches as he sees fit to insure safety in case the vehicle should be stopped on a curve or in any manner where the distance of 100 feet is not ample warning. During any kind of weather, such as rain, snow, or fog, where the oil torches can not be seen for a distance ample to give the proper warning, the fusee type flares shall be used in their place. * * *" Section 68–728(c), 1941 Comp.

"No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway; * * *." Section 68–523(a), 1941 Comp.

"(The person in charge of any vehicle in or upon any public highway, before turning, stopping or changing the course of such vehicle, shall see first that there is sufficient space for such movement to be made in safety, * * *.)" Section 68–501(j), 1941 Comp.

Immediately south of the intersection and a short distance to the west there is a filling station operated by one, Colvin. The borrow ditch on either side of the highway was shallow and appellant could have, with safety, either driven the truck into the borrow ditch on the north side, or to the filling station on the south. He did neither. He stopped his truck upon the main traveled portion of the highway without displaying lighted flares. He left it parked when it was not impracticable to park it off the pavement. He commenced to back his truck on the paved highway and did so without observing that the movement could be made in safety, and in the face of an approaching automobile having the right of way. The record convinces us that the finding of negligence by the jury is amply warranted. Hisaw v. Hendrix, 54 N.M. 119, 215 P.2d 598, 601; Duncan v. Madrid,

44 N.M. 249, 101 P.2d 382; Silva v. Waldie, 42 N.M. 514, 82 P.2d 282.

In Hisaw v. Hendrix, supra, we said: "We thus find the defendants guilty of negligence, per se, in two particulars: first, leaving their truck on the pavement when there was ample room for safe parking off the pavement, and, second, failing to immediately put out flares to warn oncoming traffic."

To avoid liability appellant also relies upon the contributory negligence of appellee. The accident occurred six miles west of Clovis. As appellee approached the Ranchvale intersection, about 50 or 60 yards ahead, he first saw the rear lights of the Burch pickup, then beams of its headlights were observed, shining in a northwesterly direction. Thinking he had overtaken an automobile which was turning off the highway to the north, appellant permitted his car to coast until the pickup cleared the highway and instantly, he crashed into the rear of appellant's truck which was backing.

As previously stated, the weather was damp and foggy. But there is a sharp conflict in the evidence as to the denseness of the fog, and visibility at the time of the accident. The fog was very dense at times and at times it cleared. When it was clear appellee traveled about 45 miles per hour. When fog banks rolled in he reduced his speed so as to barely travel in high gear.

When he first saw the Burch pickup, appellee was traveling 45 miles per hour. He testified that visibility was good immediately prior to the collision. Mrs. Colvin, who lived in rooms south of the highway and adjacent to the filling station, was aroused by the conversation between appellant and Burch. She and her husband had retired for the night but, thinking perhaps the parties were customers, she raised the window shade and from such distance was able to see the lights of the truck. She could also see fence posts extending north on the west side of the Ranchvale road while the Burch car lights were shining on them. On the other hand, several witnesses testified that it was unsafe to travel at a speed in excess of 25 miles per hour. Some of the witnesses testified that they traveled at a speed of 10 to 12 miles per hour. Appellant testified that he used his second gear most of the way from Clovis to the place of the accident.

Both negligence and contributory negligence were questions for the fact-finder and the jury having resolved both questions in favor of appellee, its verdict should not be disturbed on appeal. Flippo v. Martin, 52 N.M. 402, 200 P.2d 366; Stevens v. Mitchell, 51 N.M. 411, 186 P.2d 386; Bunton v. Hull, 51 N.M. 5, 177 P.2d 168.

The jury answered special interrogatories submitted by appellant to the effect that appellant immediately prior to the

collision was traveling at the rate of 45 miles per hour and that a motor vehicle could then be operated safely at such rate. The specific findings are not inconsistent with the general verdict. To warrant a reversal, there must appear a fatal inconsistency. Smith v. Atchison, Topeka and Santa Fe Railway Company, 19 N.M. 247, 142 P. 150; Thayer v. Denver & R. G. R. Co., 25 N.M. 559, 185 P. 542; Crocker v. Johnston, 43 N.M. 469, 95 P.2d 214.

Appellant complains of the failure of the court to give the following requested instruction: "You are instructed that no person driving or in charge of any automobile on any public highway has a legal right to drive the same at any speed greater than is reasonable and proper, having regard to the traffic, weather conditions and use of the highway by others, or so as to endanger the life or limb of any person; and if you find from a fair preponderance of the evidence in this case that the plaintiff, Chandler, at the time the automobile he was using collided with the truck of the defendant, Battenfield, was driving the automobile in his charge at a speed greater than was reasonable and proper, having regard to the traffic, weather conditions and use of said highway where he was then driving said automobile, by other persons and the public, or was then and at that place driving such automobile at such a rate of speed as to endanger the life and limb of any other person and because of such rate of speed you further find that the plaintiff was injured, then you are instructed that the plaintiff cannot recover from the defendant."

The instructions must be considered as a whole, and if they fairly present the law of the case they are sufficient. Federal Reserve Bank of Dallas v. Upton, 34 N.M. 509, 285 P. 494; Snodgrass v. Turner Tourist Hotels, 45 N.M. 50, 109 P.2d 775; Olguin v. Thygesen, 47 N.M. 377, 143 P.2d 585. Concerning weather conditions, speed and care required in the operation of a motor vehicle under such circumstances, the court gave the following instructions:

"11. You are further instructed that it is not negligence to drive an automobile through a fog if ordinary care is exercised under the circumstances but the degree of care necessarily varies with the denseness of the fog and the danger to be avoided.

"12. You are further instructed that certain testimony has been admitted, tending to show that the plaintiff, at the time of and immediately prior to the time of the injuries herein complained of, was operating his car at a speed of approximately 45 to 55 miles per hour. In this connection you are instructed that the speed at which a vehicle travels upon a highway, considered as an isolated fact and simply in terms of so many miles an hour, is not proof either of negligence or of the exer-

cise of ordinary care. Whether that rate of speed is a negligent one is a question of fact, the answer to which depends on all the surrounding circumstances.

"14. It is the duty of the driver of a motor vehicle to be vigilant at all times, keeping a reasonable lookout for possible danger to himself and others, and to keep the car under control that to avoid a collision, he can stop as quickly as might be required of him by eventualities that would be anticipated by an ordinarily prudent person in like position."

An analysis of the instructions given discloses that they are substantially the same as the requested instruction, merely stated differently. The refusal of the court to give an instruction which has been covered, is not error. Schultz v. Young, 37 N.M. 427, 24 P.2d 276; Cunningham v. Springer, 13 N.M. 259, 82 P. 232; Id., 204 U.S. 647, 27 S.Ct. 301, 51 L.Ed. 662. We find no error. The jury could not have been misled by the instructions given.

Appellant claims that the court erred in denying his motion for a directed verdict and his motion for judgment non obstante veredicto.

In the consideration of a motion for a directed verdict the court must view a plaintiff's evidence in the most favorable aspect, indulging in all reasonable inferences to be drawn from plaintiff's evidence and disregarding all unfavorable testimony and inferences. Perez v. Fred Harvey, Inc., 54 N.M. 339, 224 P.2d 524; Goldenberg v. Village of Capitan, 53 N.M. 137, 203 P.2d 370. So, viewing the evidence in an aspect most favorable to appellee, plaintiff below, we are satisfied that the trial court did not commit error in denying the motion for an instructed verdict.

A motion for judgment non obstante veredicto and a motion for a directed verdict are kindred, where both attack the sufficiency of the evidence to sustain the verdict. To grant a motion for judgment notwithstanding the verdict, the court should be able to say that there is neither evidence nor inference from which the jury could have arrived at its verdict, Michelson v. House, 54 N.M. 197, 218 P.2d 861, but such is not the case. Also, see 30 Am.Jur., Judgments, Section 57, where the rule is stated.

It follows that the motion for judgment non obstante veredicto was properly denied.

The judgment will be affirmed and it is so ordered.

LUJAN, C. J., and SADLER, McGHEE and COORS, JJ., concur.