276 P.2d 911

Carrie Belle SMITH, Administratrix de bonis non of the Estate of William Elbert Smith, deceased, Plaintiff-Appellant, v. FERGUSON TRUCKING COMPANY, a corporation, Defendant-Appellee.

No. 5855.

Supreme Court of New Mexico.

Nov. 26, 1954.

Bean & Osborn, Roswell, for appellant.
Cowan & Schubert, Hobbs, for appellee.

SEYMOUR, Justice.

Appeal is from directed verdict in favor of appellee and judgment entered thereon following appellant's motion at the close of appellee's case.

Appellant, administratrix of the estate of William Elbert Smith, deceased, sued appellee for the wrongful death of her husband, said death having resulted from a highway accident in which the automobile operated by the decedent hit a tractor and trailer rig owned and operated by appellee.

Appellant's witnesses testified to the following relevant facts: At dusk, decedent was driving his car east on U. S. Highway No. 380, unaccompanied. The accident occurred at a "T" intersection of State Road 294 with the U. S. Highway. The State Road comes to the "T" intersection from the north; on the side of the U. S. Highway opposite the intersection of the State Road there is a cattle guard for a pasture road from the U. S. Highway out into the fields.

At the trial, no eyewitness of the event was offered. The trailer on appellee's truck was loaded with heavy drilling pipe. From the position of the truck after the accident, it appears that, at the moment of impact, the tractor was entering the cattle guard on the south of the U. S. Highway for the purpose of pulling its load out into the fields to the south. The trailer, loaded with pipe, extended back onto the blacktop of the U. S. Highway, and the pipe itself extended a foot or two across the center line of the highway; thus, the righthand and proper lane of travel for the appellant going east was

completely blocked by appellee's rig. Appellant's car struck appellee's rig between the tractor and the trailer wheels while appellant was still in his own lane of traffic and proper place on the road; that is, he struck about in the center of the trailer, breaking the connecting pole between tractor and trailer.

There was some evidence that decedent's car had its parking lights burning. There was no evidence as to whether or not lights were burning on the truck at the time of the accident nor was there any evidence that the time of day or visibility required lights. Finally, there was no evidence to indicate whether appellee's truck came to the point of impact from the east, from the west, or from the north.

■■ Appellant relies on a single point, namely, that the trial court erred in directing the jury to return a verdict in favor of appellee at the close of appellant's case. The controlling law has been stated in numerous cases: Cavazos v. Geronimo Bus Lines, 1952, 56 N.M. 624, 247 P.2d 865; Chandler v. Battenfield, 1951, 55 N.M. 361, 233 P.2d 1047; Dickerson v. Montoya, 1940, 44 N.M. 207, 100 P.2d 904; Lopez v. Townsend, 1938, 42 N.M. 601, 82 P.2d 921; and others. In Chandler v. Battenfield, supra, this Court stated [55 N.M. 361, 233 P.2d 1050]:

"In the consideration of a motion for a directed verdict the court must view a plaintiff's evidence in the most favorable aspect, indulging in all reasonable inferences to be drawn from plaintiff's evidence and disregarding all unfavorable testimony and inferences. * * *"

The foregoing language is an adequate statement of the test to be applied to the evidence in this case. However, when the evidence shows only a possibility of negligence or when, upon the evidence introduced by plaintiff, a jury would be required to speculate as to the facts in order to draw a reasonable inference of the defendant's negligence—in such cases the plaintiff has failed to make a prima facie showing and, under the test above stated, the trial court should properly direct a verdict for defendant.

In the instant case, appellee's rig, in the process of departing from U. S. Highway No. 380, was blocking the right eastbound lane of traffic and a foot or two of the north lane. Under many circumstances appellee's truck and trailer had a right to be in this position on the highway. To allow the jury on this evidence to determine whether or not appellee was negligent for being in this position requires the jury to speculate as to all surrounding circumstances. There is no evidence in the record as to the direction from which appellee had come, as to his destination, whether he was making a turn, the approximate locations of the truck and the car at the time they reached the intersection or the speed of

either vehicle. It would have been improper for the trial court to submit to the jury the question of appellee's negligence on the evidence introduced in this case.

As the trial court stated in sustaining appellant's motion for a directed verdict:

"I see nothing in here whatever to sustain a verdict. The mere fact that a car proceeding down the highway collides with another which is in a place which it has a right to be, without more, would not justify a verdict."

The judgment of the trial court is affirmed. It is so ordered.

McGHEE, C. J., and SADLER, COMPTON and LUJAN, JJ., concur.