334 P.2d 707

Carl Eugene BRYANT, Plaintiff-Appellant,

v.

H. B. LYNN DRILLING CORPORATION, Employer, and Indemnity Insurance Company of North America, Insurer, Defendants and Appellees.

No. 6271.

Supreme Court of New Mexico.

Jan. 8, 1959.

Lorenzo A. Chavez, Arturo G. Ortega, Melvin L. Robins, Albuquerque, for appellant.

Catron & Catron, Santa Fe, for appellees.

McMANUS, District Judge.

The plaintiff-appellant, hereinafter referred to as the claimant, filed his action under the workmen's compensation laws in the District Court of McKinley County on July 27, 1954, asking for a judgment awarding him compensation for total and permanent disability, resulting from an injury suffered by an accident arising out of and in the course of his employment while working for his employer on February 26, 1954 in the vicinity of Aztec, New Mexico. He was working as a roughneck on a drilling rig and while doing assigned work of installing a centrifugal pump weighing two hundred to two hundred fifty pounds on the rig, he slipped while stepping through some cross-bracing of the rig, throwing the weight of the pump against him and causing the alleged injury which is the subject of the suit in New Mexico.

Various pleadings were filed and the issues were finally drawn together with the filing of a second amended answer on August 18, 1955.

The second amended answer of the defendants-appellees contained denials that the injury complained of by the claimant was sustained by reason of an accident arising out of and in the course of his employment while working for appellee employer, and further contained the allegations that the injuries sustained by the claimant were the identical injuries that claimant was awarded a total, permanent disability judgment in the State of Texas in 1952. The appellees further alleged that an allowance of compensation to the claimant in the New Mexico proceeding for the 1954 injury would result in double compensation for a single and identical injury in violation of the New Mexico Workmen's Compensation Act, 1953 Comp. § 59–10–1 et seq.

The cause came on for trial on January 26, 1956 and after the completion of the respective cases of the parties, the jury was instructed and the case was submitted to them on three forms of verdict which are as follows:

"1. We, the Jury, find the issues in favor of the claimant and find he is totally and permanently disabled.

180

"2. We, the Jury, find the issues in favor of the claimant and find that he is partially permanently disabled, and his partial permanent disability is ———— percent.

"3. We, the Jury, find the issues in favor of the defendants."

Eleven special interrogatories were also submitted. The interrogatories are as follows:

"No. 1: (Omitted)

"No. 2: Was the injury to plaintiff's back which existed on March 17, 1953 thereafter repaired by surgery? Answer: Yes ———— No ————

"No. 3: Was plaintiff totally and permanently incapacitated for work involving heavy lifting as of March 17, 1953? Answer: Yes ———— No ————

"No. 4: Did the specific damage to the particular part of plaintiff's body which existed on March 17, 1953 still exist on February 26, 1954, the date on which plaintiff claims to have had the accident involved in this case? Answer: Yes ———— No ————

"No. 5: Does the injury to plaintiff's back of which he complains in the present case consist of the same damage to the same particular part of his body which existed on March 17, 1953, and on account of which he was found by the jury in his Texas case to be totally and permanently incapacitated for work? Answer: Yes ———— No ————

"No. 6: Did plaintiff have an accident on February 26, 1954, arising out of and in the course of his employment by defendant Lynn Drilling Corporation? Answer: Yes ———— No ————

"No. 7: If you have answered Interrogatory No. 6 in the affirmative, then state whether plaintiff was engaged in arduous work involving heavy lifting. Answer: Yes ———— No ————

"No. 8: If you have answered Interrogatory No. 7 in the affirmative, then state whether plaintiff at the time had been informed that he was incapacitated for work involving heavy lifting. Answer: Yes ———— No ————

"No. 9: If you have answered Interrogatory No. 8 in the affirmative, then state whether plaintiff at the time knew that his undertaking to do work involving heavy lifting would probably be hazardous. Answer: Yes ———— No ————

"No. 10: If you have answered Interrogatory No. 9 in the affirmative, then state whether plaintiff in undertaking to do work involving heavy lifting acted with reckless and heedless

disregard for his own welfare under the circumstances. Answer: Yes —— No ——

"No. 11: If you have answered Interrogatory No. 6 above in the affirmative, then state whether or not, by reason of such accident, plaintiff suffered an injury to his back *separate* and distinct from the injury on account of which he was found by the jury in his Texas case to be totally and permanently incapacitated for work. Answer: Yes —— No ——"

The jury returned a verdict in favor of the claimant and found him to be totally and permanently disabled. The jurors further answered the special interrogatories in the affirmative with the exception of numbers 2, 10 and 11, which were answered in the negative. Thereafter the defendants moved for judgment on the special verdicts of the jury, stating that the general interrogatories also returned by the jury and more particularly the special verdicts in answer to special interrogatories numbers 4, 5 and 11. Thereafter on February 16, 1956, the trial court entered an order to the effect that judgment should be entered in favor of the appellees on the basis that the general verdict of the jury was inconsistent with and cannot be reconciled with the special verdicts of the jury in answer to special interrogatories numbers 4, 5 and 11.

Thereafter a motion for a new trial was heard and denied by the trial court and in the course of time this appeal was perfected to this court.

The claimant alleged that the trial court erred in entering judgment for appellees notwithstanding the general verdict of the jury finding the claimant to be totally and permanently disabled. Claimant argues that the evidence of record conclusively showed that he suffered injury by an accident arising out of and in the course of his employment while working for the appellee, employer.

The claimant further claims that the entry of the judgment notwithstanding the general verdict for him on the basis of the answers to the special interrogatories was error and that there was no substantial evidence of record to support the answers thereto. There is an allegation that the special interrogatories were so numerous that they amounted to the cross-examination of the jury and were phrased in ambiguous and confusing language and therefore the court erred in that respect. There were also allegations in this appeal that Rule 49, Section 21–1–1, NMSA 1953 does not apply to proceedings under the New Mexico Workmen's Compensation Act and the court's judgment on the basis of such rule constituted error. Other points relied on by the claimant were to the effect that the admission into evidence of copies of the complaint and judgment in the Texas

182

case in which he was plaintiff was also an error and that the testimony of the two medical witnesses who appeared in the Texas case and introduced into the New Mexico case was an error of the trial court, and that instructions 15, 16 and 20 should not have been given. We will refer to these instructions in our opinion.

■ Referring to the special interrogatories, supra, it will be noted that the answer to special interrogatory 4 was answered in the affirmative and in effect indicated the jury's finding that the damage to the particular part of the claimant's body which existed on March 17, 1953 (result of the Texas accident) still existed on February 26, 1954, the date on which the claimant claimed to have had the accident involved in the New Mexico case.

Further that the answer to special Interrogatory No. 5 indicates the jury's finding that the injury to the claimant's back which is complained of in the New Mexico case consisted of the same particular part of his body which existed on March 17, 1953 (the Texas injury), on account of which he was found by the jury in the Texas case to be totally and permanently incapacitated for work.

Special Interrogatory No. 11 also indicates by its negative answer that the claimant did not suffer an injury to his back as a result of the New Mexico accident which was separate and distinct from the injury on account of which he was found by the

jury in the Texas case to be totally and permanently incapacitated for work.

The interrogatories referred to above and which were the basis of the trial court's conclusion to render a judgment for the appellees were properly submitted to the jury and the answers thereafter received by the court. The general verdict of the jury found the issues in favor of the claimant and further that he was totally and permanently disabled. It is obvious that the answers to the special interrogatories referred to, above, and the general verdict, are entirely inconsistent.

■ The purpose of special findings is to test the validity of the general verdict by ascertaining whether or not it may have been the result of misapprehension of the law through actual findings in material conflict with the findings which in their absence would be implied from the general verdict. In other words, the response of the jury to the special issues or particular questions of fact may show that no judgment can properly be entered in favor of a plaintiff upon a general verdict because the jury has not found in his favor upon some material issue or has found against him as to some fact fatal to his cause of action. 1953 Comp., § 21-1-1(49) District Court Rules. In our case the jury found against the claimant on facts which were fatal to his cause of action. The answer to the special interrogatories indicated that the claimant, had suffered the ultimate in

disabilities and was permanently and totally disabled as a result of his Texas accident, consequently it follows that there can be no increase of disability in such case. Brown Bros. v. Parks, 176 Okl. 615, 56 P. 2d 883, and Dyer v. McQuistion, 273 Mich. 327, 263 N.W. 73. The record of the trial indicates that the jury did have a basis for their answers to the special interrogatories from testimony adduced during the course of the trial.

■ From the testimony of the claimant himself, and the testimony of Dr. Clark on cross-examination, Dr. Forbis, Dr. Van Swearingen of Amarillo, Texas, Dr. George T. Royce, Amarillo, Texas, it could well be found that the injury complained of by the claimant, said to have been suffered in his New Mexico accident, was the same injury complained of as having been suffered in the Texas accident.

■ The record also indicates that the testimony of the claimant contains contradictions, but it is obvious that the jury had the right to accept whichever version of the claimant's testimony that they believed to be the most truthful in their deliberations of the case.

■ A reading and examination of the interrogatories submitted were neither confusing nor so numerous as to be objectionable and the answers given to said interrogatories by the jury along with the evidence disclosed by the record, indicated that their choice of answers could be logical.

There was obviously a contradiction concerning the general verdict.

■ The Workmen's Compensation Act of the State of New Mexico makes provision for jury trials without setting down rules in the act itself for special rules governing jury trials in this type of case. Therefore, it follows that there is nothing inconsistent in applying the general rules covering jury trials to workmen's compensation cases. Rule 1 of the Rules of Civil Procedure entitled: "Scope of Rules", reads as follows:

"These rules govern the procedure in the district courts of New Mexico in all suits of a civil nature whether cognizable as cases at law or in equity, except in special statutory and summary proceedings where existing rules are inconsistent herewith."

We find there are no inconsistent rules shown in the Workmen's Compensation Act which would effect the trial of a jury cause in that regard.

Rule 49 of the Rules of the District Courts of the State of New Mexico, reads as follows:

"In civil cases, the court shall at the request of either party, in addition to the general verdict, direct the jury to find upon particular questions of fact, to be stated in writing by the party requesting the same. When the special finding of facts is inconsistent with the general verdict, the former shall con-

trol the latter, and the court shall give judgment accordingly."

and in connection with a situation where findings are inconsistent with the general verdict, special findings will override the general verdict when the findings are antagonistic to the ultimate issue or issues which must necessarily be determined by the general verdict. Thayer v. Denver & R. G. R. Co., 25 N.M. 559, 185 P. 542. Also see City of Roswell v. Davenport, 14 N.M. 91, 89 P. 256, Smith v. Atchison, Topeka & Santa Fe Railroad Company, 19 N.M. 247, 142 P. 150.

■ The admission into evidence of copies of the complaint and judgment in the Texas case was not error because the pleadings made issue of whether or not the injury complained of in the New Mexico case was sustained in 1952 in the Texas case; whether or not said injury was the identical injury; and whether or not there was a total and permanent incapacity for work in connection with the Texas case and other allied matters. Inasmuch as these issues were joined in the pleadings and during the course of the trial, it is obvious that relevant testimony would become impossible if the pleadings in the Texas case were not, in fact presented to the court in the New Mexico case. We feel that the court did not err in the admission of the testimony of two medical witnesses in the trial of the Texas case, for the reason that the background and history of the medical testimony in connection with the two injuries was important in the final decision in the New Mexico cause. Such testimony had a definite bearing on whether or not claimant was entitled to compensation in the New Mexico case. This question, among others, was a material issue and any evidence reasonably tending to establish it was relevant.

■ The claimant cites as error the trial court's submission to the jury of instructions Numbered 15 and 20, on the grounds that the instructions are contrary to and not a correct statement of the law of the State of New Mexico, and unsupported by the substantial evidence of record. We agree with the contention of the appellees, that the claimant in this cause was not prejudiced by the giving of these instructions and even though erroneous may not be considered as reversible error, inasmuch as the general verdict was rendered for the claimant.

■ Instruction numbered 16 was referred to by the claimant as being in error in that it did not instruct on any issue to be decided by the jury in this case because the attempt by the court in this New Mexico case to define the words, "totally incapacitated for work" as used by the jury in the Texas case in returning the verdict that claimant was totally incapacitated for work is wholly irrelevant to this case. We see no reversible error in this connection, inasmuch as the reference to the phrase, "to-

tally incapacitated for work" in the Texas case was properly used in the instruction for the purpose of better understanding the phrase or similar phrase as used in the Workmen's Compensation laws in the State of New Mexico.

In the light of the foregoing, it is the opinion of this court that the judgment of the trial court should be affirmed.

It is so ordered.

LUJAN, C. J., and SADLER, McGHEE and COMPTON, JJ., concur.